IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY HORNICEK, on behalf of himself
and all others similarly situated,
683 Shropshire Drive
West Chester, PA  19382,

                      Plaintiff,            CIVIL ACTION NO.

        vs.

                                     CLASS ACTION

CARDWORKS SERVICING, LLC
225 West Station Square Drive
Pittsburgh, PA  15219,

                    Defendant.

## COMPLAINT

## I.     INTRODUCTION

1.      This is a consumer class action for damages brought pursuant to the Fair Debt

Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").  The FDCPA prohibits debt collectors

from engaging in deceptive and unfair practices in the collection of consumer debt.

2.      Defendant debt collector has sent out collection notices to Plaintiff and the

putative class that improperly reference the IRS and that misrepresent that IRS tax forms may be

issued to consumers in circumstances not even covered by IRS regulations.

3.      Defendant has violated the FDCPA by using false and deceptive representations

in the collection of consumer debt.

## II.     JURISDICTION

4.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k, and 28 U.S.C. §§1331

and 1337.

5. *In personam* jurisdiction exists and venue is proper, as Defendant does business in this district and has caused harm in this district.

**III.   PARTIES**

6. Plaintiff Anthony Hornicek is a consumer who resides in West Chester, Pennsylvania at the address captioned above.

7. Defendant CardWorks Servicing, LLC ("CardWorks") is believed to be a Delaware company with a principal place of business in Pennsylvania at the above-captioned address.

8. CardWorks regularly uses the mail and telephone to attempt to collect consumer debts alleged to be due another.

9. CardWorks regularly engages in business in the Eastern District of Pennsylvania.

10. CardWorks is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

**IV.   STATEMENT OF CLAIM**

11. On February 16, 2010, Defendant CardWorks sent Plaintiff a communication in connection with a consumer debt allegedly due Merrick Bank.   (*See* correspondence from CardWorks attached hereto as Exhibit "A", redacted per Fed. R. Civ. Pro. 5.2).

12. In the February 16, 2010 letter, Defendant states:

Please be advised that the Internal Revenue Service (IRS) requires all financial institutions to report to it any cancellation or forgiveness of debt of six hundred dollars ($600) or more.  If the settlement program described above includes the cancellation or forgiveness of debt of $600 or more, IRS Form 1099C will be provided to you in January after all payments have been made, detailing the debt that has Merrick Bank forgiven and the amount that will be reported to the IRS. You may want to contact your tax advisor if you have any questions regarding tax implications.

*See* Exhibit "A".

13.     The statement that "the [IRS] requires all financial institutions to report to it any cancellation or forgiveness of debt of $600 or more" is false and misleading.

14.     Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an "identifiable event" described in paragraph (b)(2) of that section.

15.     There are also seven exceptions to the reporting requirement set forth in Section 6050P.

16.     Here, there is no basis to conclude that an identifying event has or will occur requiring Merrick Bank to file a Form 1099C or that an exception would not apply.

17.     The gratuitous reference in a collection letter that a creditor is required to provide information on the consumer to the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

## V.     CLASS ALLEGATIONS

18.     Plaintiff brings this action on his own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

19.     Plaintiff proposes to define the class (the "Class") as follows:

      a.     All persons with addresses in the Eastern District of Pennsylvania;

      b.     who were sent one or more collection letter(s) from Defendant CardWorks Servicing, LLC;

      c.     attempting to collect a debt where the listed creditor is Merrick Bank;

d.      stating that "[t]he Internal Revenue Service (IRS) requires all financial institutions to report to it any cancellation or forgiveness of debt of six hundred dollars ($600) or more.", or substantially similar statement;

e.      where the underlying debt was incurred primarily for personal, family or household use;

f.      where the letter(s) bears a send date commencing one year before the filing of the Complaint, through the date of filing.

20.     The Class is believed to be so numerous that joinder of all members is impractical.  This Complaint concerns mass-produced form collection letters.

21.     There are questions of law or fact common to the Class.  These include:

a.      Whether Defendant's letter violates the Fair Debt Collection Practices Act by making false, deceptive or misleading representations in connection with the collection of a debt in violation of §1692e;

b.      Whether Defendant engaged in false representations and deceptive means to collect a consumer debt alleged due, in violation of 15 U.S.C. §1692e(10);

c.      Whether the form collection notice uniformly misstates the requirements of the IRS regulations.

22.     Hornicek's claims are typical of the claims of the Class.  All are based on the same factual and legal theories.

23.     Hornicek will fairly and adequately protect the interests of the Class.  Plaintiff has no interests antagonistic to those of the class and Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

24.     The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.  The Class members are consumer debtors, who may be unable to locate or afford to hire lawyers.  Most are probably unaware that their rights, and the FDCPA, have been violated.

25.     The Class may be certified under Fed.R.Civ.P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

a.     Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute by private attorneys general.  15 U.S.C. §1692k.

b.     The essence of Defendant's collection efforts is the deception of consumers.

c.     The interest of Class members in individually controlling the prosecution of separate claims against debt collectors is small because the maximum statutory damages available in an individual action under the Act is $1,000.00.

d.     This Eastern District of Pennsylvania class action is likely to be easily manageable.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

26.     Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

27.     Defendant violated the FDCPA by sending a collection notice(s) to Plaintiff and the members of the class which:

a.     Makes false, deceptive, or misleading representations or statements in connection with the collection of consumer debt, 15 U.S.C. § 1692e;  and

b.      Engages in false representation and deceptive means to collect a consumer debt, 15 U.S.C. §1692e(10).

**WHEREFORE,** Plaintiff Anthony Hornicek prays that this Court certify the Class against Defendant CardWorks Servicing, LLC, and enters judgment for Plaintiff and the Class members:

a.      Awarding damages to Plaintiff and to the Class as provided for in 15 U.S.C. §1692k(a);

b.      Awarding Plaintiff and the Class their costs and reasonable attorney's fees; and

c.      Granting such other relief as may be deemed just and proper.

VI.    **DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues so triable.

Respectfully submitted:

DATE:  07/21/10                          /s/Cary L. Flitter (CLF5997)
                                         CARY L. FLITTER
                                         THEODORE E. LORENZ
                                         ANDREW M. MILZ
                                         Attorneys for Plaintiff and the Class

                                         LUNDY, FLITTER, BELDECOS &
                                         BERGER, P.C.
                                         450 N. Narberth Avenue
                                         Narberth, PA  19072
                                         (610) 822-0781