**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | |
|---|---|
| ANTHONY HORNICEK, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>vs.<br><br>CARDWORKS SERVICING LLC,<br><br>    Defendant. | Hon. Louis H. Pollack<br>Magistrate Judge: M. Faith Angell<br><br>Civil Action No.: 10-3631 |

**DEFENDANT'S, CARDWORKS SERVICING, LLC, ANSWER TO THE PLAINTIFF'S COMPLAINT WITH AFFIRMATIVE DEFENSES.**

    Defendant, **CARDWORKS SERVICING, LLC**, (hereinafter "Defendant"), by and through its counsel, Joann Needleman, Esq., and files this Answer with Affirmative Defenses in response to the Plaintiff's Complaint as follows:

**I.**    **INTRODUCTION**

    1.    Denied in part. Defendant admits that Plaintiff attempts to assert a consumer class action for violations of the FDCPA.  Defendant denies it violated the FDCPA or that Plaintiff is entitled to any of the relief requested.

    2.    Denied in part. Defendant admits sending written correspondence to Plaintiff. Defendant denies it violated the FDCPA.

    3.    The allegations of Paragraph 3 contain conclusions of law to which no response is required.

II.   **JURISDICTION**

4.      The allegations of Paragraph 4 contain conclusions of law to which no response is required.

5.      The allegations of Paragraph 5 contain conclusions of law to which no response is required.

III.   **PARTIES**

6.      Denied. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Plaintiff's Complaint, therefore Defendant leaves the Plaintiff to his proofs at trial.

7.      Denied in part. Defendant admits it is a Delaware company.  The remaining allegations are paragraph 7 are denied and Defendant leaves the Plaintiff to his proofs at trial.

8.      Admitted.

9.      Denied in part. Defendant admits that it collects unpaid accounts from consumer who may be located in Pennsylvania.  The remaining allegations of paragraph 9 are denied and the Defendant leaves the Plaintiff to his proofs at trial.

10.      The allegations of paragraph 10 are conclusions of law to which  no response is required. By way of a further response, Defendant admits that under certain circumstances it may be considered a "debt collector" under the FDCPA.

IV.   **STATEMENT OF CLAIM**

11.      Admitted to the extent Exhibit A speaks for itself.

12.      Denied. Defendant denies that Plaintiff has completely and accurately quoted the entire contents of Defendant's correspondence to Plaintiff.

13.     The allegations of paragraph 13 contain conclusions of law to which no response is required.

14.     The allegations of paragraph 14 contain conclusions of law to which no response is required. By way of a further response, there is no paragraph (b)(2) contained in 25 U.S.C. § 6050P.

15.     The allegations of paragraph 15 contain conclusions of law to which no response is required. By way of a further response, Defendant denies that Paragraph 15 of the Plaintiff's Complaint fully and completely describes the law contained in Section 6050P.

16.     The allegations of paragraph 16 contain conclusions of law to which no response is required.

17.     The allegations of paragraph 17 contain conclusions of law to which no response is required.

## V.     CLASS ALLEGATIONS

18.     Denied in part. It is admitted that Plaintiff's complaint speaks for itself. Defendant denies that class adjudication is appropriate.

19.     Denied in part. Plaintiff's class definition speaks for itself. Defendant denies that the class definition is appropriate or that class adjudication is warranted.

20.     The allegations of paragraph 20 contain conclusions of law to which no response is required.

21.     The allegations of paragraph 21 and its sub-parts contain conclusions of law to which no response is required.

22.     The allegations of paragraph 22contain conclusions of law to which no response is required.

23.     The allegations of paragraph 23 contain conclusions of law to which no response is required.

24.     The allegations of paragraph 24 contain conclusions of law to which no response is required.

25.     The allegations of paragraph 25 and its subparts contain conclusions of law to which no response is required.

## COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

26.     Defendant incorporates by reference the above paragraphs of this Answer as if fully stated therein.

27.     The allegations of paragraph 27 and its subparts  contain conclusions of law to which no response is required.

**WHEREFORE**, Defendant requests that this Honorable Court award judgment in its favor and against Plaintiff, together with costs, attorneys' fees pursuant to 15 U.S.C. § 1692k(a)(3) and such other relief as this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim against Defendant upon which relief may be granted.

### SECOND DEFENSE

Any act or omission by Defendant, if determined to be in violation of the Fair Debt Collection Practices Act ("FDCPA"), was not intentional and was the result of a *bona fide* error

4

notwithstanding the maintenance of procedures reasonably adapted to avoid any such error. Accordingly, Defendant would have no liability pursuant to 15 U.S.C. § 1692k(c).

### THIRD DEFENSE

Plaintiff has not been damaged; therefore, Plaintiff may not recover against this Defendant.

### FOURTH DEFENSE

This Court lacks subject matter jurisdiction over Plaintiff's claims.

### FIFTH DEFENSE

Venue in this matter is improper.

### FOURTH DEFENSE

Plaintiff's claims are subject to an arbitration agreement requiring him to submit his claims to mandatory and binding arbitration. Defendant hereby exercises its right to arbitration under the agreement, which is specifically enforceable pursuant to the Federal Arbitration Act, 9 U.S.C. Section 1, *et. seq.*

### FIFTH DEFENSE

Any misrepresentation alleged by Plaintiff was not a material misrepresentation and thus not actionable under the FDCPA.

### SIXTH DEFENSE

Defendant reserves the right to supplement its affirmative defenses with a reasonable time prior to trial and upon notice to the Plaintiff.

Respectfully submitted,

**MAURICE & NEEDLEMAN, P.C.**

/s/ *JOANN NEEDLEMAN*

_____

JOANN NEEDLEMAN
935 One Penn Center
1617 John F. Kennedy Blvd
Philadelphia, PA 19103
(215) 789-7151
(215) 563-8970 fax
joann@mnlawpc.com
*Attorney for Defendant*
*CardWorks Servicing, LLC*

Date: September 9, 2010

**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA (PHILADELPHIA)**

| | |
|---|---|
| ANTHONY HORNICEK, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED, | Hon. Louis H. Pollack Magistrate Judge: M. Faith Angell |
| Plaintiff, | Civil Action No.: 10-3631 |
| vs. | |
| CARDWORKS SERVICING LLC, | |
| Defendant. | |

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on this date I electronically filed Defendant's Answer to Complaint with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to the following attorney of record:

CARY L. FLITTER
LUNDY FLITTER BELDECOS & BERGER PC
450 N. NARBERTH AVE
NARBERTH, PA 19072
*Attorney for Plaintiff*

THEODORE E. LORENZ
LUNDY FLITTER BELDECOS & BERGER
450 NORTH NARBERTH AVENUE
NARBERTH, PA 19072
*Attorney for Plaintiff*

Respectfully submitted,
**MAURICE & NEEDLEMAN, P.C.**

/s/ *JOANN NEEDLEMAN*
_____

JOANN NEEDLEMAN

Date: September 9, 2010