IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY HORNICEK, on behalf of himself
and all others similarly situated,
683 Shropshire Drive
West Chester, PA 19382

    Plaintiff,

vs.

CARDWORKS SERVICING, LLC
225 West Station Square Drive
Pittsburgh, PA 15219

    Defendant.

CIVIL ACTION NO.
2:10-cv-03631-LP

CLASS ACTION

## DECLARATION OF Parag M. KAMDAR

I, Parag M. Kamdar, do hereby declare under penalty of perjury that the following is true and correct:

1.

My name is Parag M. Kamdar. I am a resident of the State of Pennsylvania am over 18 years of age, have never been convicted of a felony, and I am competent to testify to the statements set forth in this Declaration. This Declaration is based upon my own personal knowledge and if called upon to testify, the content of this declaration would be my testimony as to the things stated herein. I give this Declaration in support of

CardWorks Servicing, LLC's motion to compel arbitration and for all other purposes permitted by law.

2.

I am employed as Senior Director of Recovery with CardWorks Servicing, LLC ("CardWorks"). CardWorks services debt owned by Merrick Bank Corporation ("Merrick Bank"). I am familiar with the business operations of CardWorks and with all of the policies and procedures that I describe herein.

3.

I am familiar with CardWorks' system of recordkeeping and the company's related policies and procedures. Those policies include, in part, CardWorks' receipt, review, and storage of the assignment agreements received from creditors as they relate to collection of unpaid accounts in the normal course of its business at or near the time of the assignment transactions, in addition to, the service of any and all legal process, including Complaints, on CardWorks.

4.

The documents attached to this declaration as Exhibit "A" ("the Complaint") and Exhibit "B" ("Proof of Service") were received, reviewed,

stored, and maintained in the normal course of CardWorks' business at or near the time it was served with same.

5.

Prior to executing this affidavit, I reviewed true and correct copies of Exhibits "A" and "B" which are presently in my custody.

6.

The regular business activity of CardWorks is collecting unpaid credit card accounts assigned to it.

7.

The above-captioned litigation involves one such unpaid credit card account (the "credit card account"), originated by Merrick Bank to Anthony Hornicek, bearing account number xxxx-xxxx-xxxx-7453.

8.

On or about August 26, 2008, CardWorks was assigned the credit card account by Merrick Bank for collection.

9.

In furtherance of its attempts to collect the balance owed on the credit card account from Plaintiff, CardWorks sent written correspondence to Plaintiff.

10.

CardWorks sent written correspondence to Plaintiff in connection with its attempts to collect the balance owed on the credit card account on December 17, 2008, March 29, 2009, and February 16, 2010.

11.

Plaintiff filed the present lawsuit against CardWorks alleging that at least one the written correspondences described in Paragraph 7 violated state and federal law on July 23, 2010. A true and correct copy of Plaintiff's Complaint is attached hereto as Exhibit "A."

12.

Plaintiff's lawsuit against CardWorks purports to be a class action brought on behalf of Plaintiff individually and on behalf of all others similarly situated.

13.

CardWorks was served with Plaintiff's Complaint on August 6, 2010. A true and correct copy of Plaintiff's Proof of Service is attached hereto as Exhibit "B."

14.

At all times herein, Merrick Bank remained the true and correct owner of the credit card account.

15.

CardWorks elects arbitration of Plaintiff's claims pursuant to the credit card agreement with Plaintiff.

Dated this 21 day of September, 2010.

_____
Parag M. Kamdar

Sworn to and subscribed before me,

This 21st day of September, 2010.

_____
NOTARY PUBLIC

My commission expires: 11/20/2012

(seal)

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
James A. Chatfield, Notary Public
City of Pittsburgh, Allegheny County
My Commission Expires Nov. 20, 2012
Member, Pennsylvania Association of Notaries

# EXHIBIT "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, on behalf of himself and all others similarly situated, 683 Shropshire Drive West Chester, PA  19382,<br><br>Plaintiff,<br><br>vs.<br><br>CARDWORKS SERVICING, LLC 225 West Station Square Drive Pittsburgh, PA  15219,<br><br>Defendant. | CIVIL ACTION NO.<br><br>CLASS ACTION |

## COMPLAINT

**I.     INTRODUCTION**

1.      This is a consumer class action for damages brought pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692 ("FDCPA").  The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of consumer debt.

2.      Defendant debt collector has sent out collection notices to Plaintiff and the putative class that improperly reference the IRS and that misrepresent that IRS tax forms may be issued to consumers in circumstances not even covered by IRS regulations.

3.      Defendant has violated the FDCPA by using false and deceptive representations in the collection of consumer debt.

**II.    JURISDICTION**

4.      Jurisdiction arises under the FDCPA, 15 U.S.C. §1692k, and 28 U.S.C. §§1331 and 1337.

5. *In personam* jurisdiction exists and venue is proper, as Defendant does business in this district and has caused harm in this district.

## III. PARTIES

6. Plaintiff Anthony Hornicek is a consumer who resides in West Chester, Pennsylvania at the address captioned above.

7. Defendant CardWorks Servicing, LLC ("CardWorks") is believed to be a Delaware company with a principal place of business in Pennsylvania at the above-captioned address.

8. CardWorks regularly uses the mail and telephone to attempt to collect consumer debts alleged to be due another.

9. CardWorks regularly engages in business in the Eastern District of Pennsylvania.

10. CardWorks is a "debt collector" as that term is contemplated in the FDCPA, 15 U.S.C. §1692a(6).

## IV. STATEMENT OF CLAIM

11. On February 16, 2010, Defendant CardWorks sent Plaintiff a communication in connection with a consumer debt allegedly due Merrick Bank. (*See* correspondence from CardWorks attached hereto as Exhibit "A", redacted per Fed. R. Civ. Pro. 5.2).

12. In the February 16, 2010 letter, Defendant states:

Please be advised that the Internal Revenue Service (IRS) requires all financial institutions to report to it any cancellation or forgiveness of debt of six hundred dollars ($600) or more. If the settlement program described above includes the cancellation or forgiveness of debt of $600 or more, IRS Form 1099C will be provided to you in January after all payments have been made, detailing the debt that has Merrick Bank forgiven and the amount that will be reported to the IRS. You may want to contact your tax advisor if you have any questions regarding tax implications.

*See* Exhibit "A".

13. The statement that "the [IRS] requires all financial institutions to report to it any cancellation or forgiveness of debt of $600 or more" is false and misleading.

14. Section 6050P of the Internal Revenue Code requires that an "applicable entity" report any cancellation or discharge of indebtedness in excess of $600.00 if, and only if, there has occurred an "identifiable event" described in paragraph (b)(2) of that section.

15. There are also seven exceptions to the reporting requirement set forth in Section 6050P.

16. Here, there is no basis to conclude that an identifying event has or will occur requiring Merrick Bank to file a Form 1099C or that an exception would not apply.

17. The gratuitous reference in a collection letter that a creditor is required to provide information on the consumer to the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt.

## V.   CLASS ALLEGATIONS

18. Plaintiff brings this action on his own behalf and on behalf of a class designated pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

19. Plaintiff proposes to define the class (the "Class") as follows:

   a. All persons with addresses in the Eastern District of Pennsylvania;

   b. who were sent one or more collection letter(s) from Defendant CardWorks Servicing, LLC;

   c. attempting to collect a debt where the listed creditor is Merrick Bank;

      d.    stating that "[t]he Internal Revenue Service (IRS) requires all financial institutions to report to it any cancellation or forgiveness of debt of six hundred dollars ($600) or more.", or substantially similar statement;

      e.    where the underlying debt was incurred primarily for personal, family or household use;

      f.    where the letter(s) bears a send date commencing one year before the filing of the Complaint, through the date of filing.

20.    The Class is believed to be so numerous that joinder of all members is impractical. This Complaint concerns mass-produced form collection letters.

21.    There are questions of law or fact common to the Class. These include:

      a.    Whether Defendant's letter violates the Fair Debt Collection Practices Act by making false, deceptive or misleading representations in connection with the collection of a debt in violation of §1692e;

      b.    Whether Defendant engaged in false representations and deceptive means to collect a consumer debt alleged due, in violation of 15 U.S.C. §1692e(10);

      c.    Whether the form collection notice uniformly misstates the requirements of the IRS regulations.

22.    Hornicek's claims are typical of the claims of the Class. All are based on the same factual and legal theories.

23.    Hornicek will fairly and adequately protect the interests of the Class. Plaintiff has no interests antagonistic to those of the class and Plaintiff's counsel is competent and experienced in consumer credit cases and class actions.

24. The questions of law or fact common to the Class predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy. The Class members are consumer debtors, who may be unable to locate or afford to hire lawyers. Most are probably unaware that their rights, and the FDCPA, have been violated.

25. The Class may be certified under Fed.R.Civ.P. 23(b)(3), as such represents a superior method for the fair and efficient adjudication of this controversy in that:

   a. Congress specifically contemplated FDCPA class actions as a principal means of enforcing the statute by private attorneys general. 15 U.S.C. §1692k.

   b. The essence of Defendant's collection efforts is the deception of consumers.

   c. The interest of Class members in individually controlling the prosecution of separate claims against debt collectors is small because the maximum statutory damages available in an individual action under the Act is $1,000.00.

   d. This Eastern District of Pennsylvania class action is likely to be easily manageable.

### COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

26. Plaintiff repeats the allegations set forth above as if the same were set forth at length herein.

27. Defendant violated the FDCPA by sending a collection notice(s) to Plaintiff and the members of the class which:

   a. Makes false, deceptive, or misleading representations or statements in connection with the collection of consumer debt, 15 U.S.C. § 1692e; and

      b.     Engages in false representation and deceptive means to collect a consumer debt, 15 U.S.C. §1692e(10).

**WHEREFORE,** Plaintiff Anthony Hornicek prays that this Court certify the Class against Defendant CardWorks Servicing, LLC, and enters judgment for Plaintiff and the Class members:

      a.     Awarding damages to Plaintiff and to the Class as provided for in 15 U.S.C. §1692k(a);

      b.     Awarding Plaintiff and the Class their costs and reasonable attorney's fees; and

      c.     Granting such other relief as may be deemed just and proper.

## VI. DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury as to all issues so triable.

                             Respectfully submitted:

DATE:  07/21/10                      /s/Cary L. Flitter (CLF5997)
                                             CARY L. FLITTER
                                             THEODORE E. LORENZ
                                             ANDREW M. MILZ
                                             Attorneys for Plaintiff and the Class

                                             **LUNDY, FLITTER, BELDECOS & BERGER, P.C.**
                                             450 N. Narberth Avenue
                                             Narberth, PA  19072
                                             (610) 822-0781

# EXHIBIT "B"

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[1] | DATE 8/6/10 @ 3:56 pm |
| NAME OF SERVER (PRINT) Amy Stivison | TITLE Process Server |

*Check one box below to indicate appropriate method of service*

☐ Served personally upon the defendant. Place where served: _____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

  Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☒ Other (specify): Sean Schemel - Manager    Corporate Sub-service

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on  8/6/10
              Date

Signature of Server

4250 Steubenville Pike
Address of Server
Pittsburgh, PA 15205

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Robert M. Kresson, Notary Public
Robinson Twp., Allegheny County
My Commission Expires Feb. 17, 2011
Member, Pennsylvania Association of Notaries

---

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

DECLARATION OF MICHAEL KAMDAR                    EXHIBIT B

## SUMMONS IN A CIVIL ACTION

| UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA ||
|---|---|
| ANTHONY HORNICEK, on behalf of himself and all others similarly situated<br><br>v.<br><br>CARDWORKS SERVICING, LLC | CIVIL ACTION NO. 10-3631<br><br>TO: (NAME AND ADDRESS OF DEFENDANT)<br><br>CARDWORKS SERVICING, LLC<br>225 West Station Square Drive<br>Pittsburgh, PA 15219 |

**YOU ARE HEREBY SUMMONED** and required to serve upon

Plaintiff's Attorney (Name and Address)

Cary L. Flitter, Esq.
450 N. Narberth Ave
Narberth, PA 19072

an answer to the complaint which is herewith served upon you, within 21 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

| Michael E. Kunz, Clerk of Court | Date: July 23, 2010 |
|---|---|
| (By) Deputy Clerk<br><br>*[signature]*<br>JESSE BRUCK | |