IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, on behalf of himself and all others similarly situated,<br><br>                          Plaintiff,<br><br>     vs.<br><br>CARDWORKS SERVICING, LLC,<br><br>                          Defendant. | CIVIL ACTION NO. 10-CV-3631(LP)<br><br>CLASS ACTION |

## **O R D E R**

AND NOW, this           day of                    , 2010, upon consideration of Plaintiff's Motion (Doc. No. ___) to Strike Defendant's Offer of Judgment dated November 16, 2010, and any opposition thereto, and for good cause shown, it is hereby ORDERED that said Motion is GRANTED.  Defendant's Offer of Judgment is stricken and is deemed of no effect.

 

                                                                                                                                                         _____

                                                                                                                                                                                                U.S.D.J.

Case 2:10-cv-03631-LP   Document 22   Filed 12/10/10   Page 2 of 11

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CARDWORKS SERVICING, LLC,<br><br>　　　　　　　　Defendant. | CIVIL ACTION NO. 10-CV-3631(LP)<br><br>CLASS ACTION |

## PLAINTIFF'S MOTION TO STRIKE
## DEFENDANT'S OFFER OF JUDGMENT

　　Plaintiff Anthony Hornicek, by and through counsel, hereby moves this Court for an Order striking the Offer of Judgment served by Defendant upon him in the above action and declaring the Offer of Judgment to have no effect. The accompanying Memorandum of Law is fully incorporated herein.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted:

Date: 12/10/10　　　　　　　　　　　　/s/ Theodore E. Lorenz
　　　　　　　　　　　　　　　　　　　　CARY L. FLITTER
　　　　　　　　　　　　　　　　　　　　THEODORE E. LORENZ
　　　　　　　　　　　　　　　　　　　　ANDREW M. MILZ
　　　　　　　　　　　　　　　　　　　　Attorneys for Plaintiff and the Class

　　　　　　　　　　　　　　　　　　　　LUNDY, FLITTER, BELDECOS &
　　　　　　　　　　　　　　　　　　　　BERGER, P.C.
　　　　　　　　　　　　　　　　　　　　450 N. Narberth Avenue
　　　　　　　　　　　　　　　　　　　　Narberth, PA  19072
　　　　　　　　　　　　　　　　　　　　(610) 822-0781

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　　Plaintiff,<br><br>　vs.<br><br>CARDWORKS SERVICING, LLC,<br><br>　　　　　　　　　　Defendant. | CIVIL ACTION NO. 10-CV-3631(LP)<br><br>CLASS ACTION |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OFFER OF JUDGMENT

**I.　　INTRODUCTION**

　　　　This is a consumer class action brought under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"). The FDCPA prohibits debt collectors from engaging in deceptive and unfair practices in the collection of consumer debt, including the making of false, deceptive or misleading representations or statements. 15 U.S.C. § 1692e. Here, Defendant made false, deceptive or misleading statements about Internal Revenue Service reporting requirements as a collection ploy designed to intimidate and deceive consumers, in violation of the FDCPA. (Complaint, para's. 13-17, Doc. No. 1).

　　　　On November 16, 2010, Defendant debt collector served a document captioned "Rule 68 Offer of Judgment", a copy of which is attached hereto as Exhibit "A". The Offer was directed to Plaintiff in his individual capacity and as the representative of the Class. By this Offer, Defense counsel is trying to "pick-off" Plaintiff Hornicek and moot this action. This tactic has been expressly rejected by our Court of Appeals and by other judges in this District. *Weiss v. Regal Collections*, 385 F.3d 337 (3d Cir. 2004); *Smith v. NCO Financial Systems, Inc.*, 257 F.R.D. 429 (May 22, 2009); (*Zeigenfuse v. Apex Asset Mgmt. LLC*, 239 F.R.D. 400, 403 (E.D.

Pa. 2006); *Strausser v. ACB Receivables Mgmt.*, 2007 U.S. Dist. LEXIS 14359 (E.D. Pa. Feb. 12, 2007). Defense counsel well knows that its offer of judgment is improper but steadfastly refuses to withdraw it.[1] Defense counsel is increasing the costs of this litigation through the use of such tactics.

For the reasons discussed below, Plaintiff requests that this Court strike Defendant's Offer of Judgment and declare it to be of no effect in this case.

## II.     BRIEF HISTORY OF THE CASE

Defendant is a debt collector who during the course of attempting to collect accounts alleged due, sent Plaintiff and the class collection letters which represent that "the [IRS] requires all financial institutions to report to it any cancellation or forgiveness of debt of $600 or more". (Complaint, Ex. A thereto, Doc. No. 1). That statement is false, deceptive and misleading to consumers since there are exceptions to any reporting requirement. (Complaint, para's. 14 and 15, Doc. No. 1). *See Wagner v. Client Services*, 2009 WL 839073, *4 (E.D. Pa. Mar. 26, 2009)(Baylson, J.). The gratuitous reference in a collection letter that a creditor is required to provide information on the consumer to the IRS is a collection ploy which suggests to the least sophisticated consumer that he or she could get in trouble with the IRS for refusal to pay the debt. (Complaint, para. 17, Doc. No. 1).

Defendant filed an Answer with affirmative defenses on September 9, 2010. (Doc. No. 6). Plaintiff served written discovery on Defendant. Presently, this action is stayed per the Court's Order of November 17, 2010 (Doc. No. 19). As a result, the Rule 16 scheduling conference to establish dates for completing discovery and filing a motion for class certification has not been held.

---

[1] By Court Order dated November 30, 2010, the Court directed that this motion to strike be filed by December 10, 2010 (Doc. No. 20).

**III.    LEGAL ARGUMENT**

    **A.    Role of an Offer of Judgment**

Fed. R. Civ. P. 68 provides:

>   (a)  Making an Offer; Judgment on an Accepted Offer. More than 14 days before the trial begins, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.
>
>   (b)  Unaccepted Offer. An unaccepted offer is considered withdrawn, but it does not preclude a later offer. Evidence of an unaccepted offer is not admissible except in a proceeding to determine costs.
>
>   (c)  Offer After Liability Is Determined. When one party's liability to another has been determined but the extent of liability remains to be determined by further proceedings, the party held liable may make an offer of judgment. It must be served within a reasonable time--but at least 14 days--before a hearing to determine the extent of liability.
>
>   (d)  Paying Costs After an Unaccepted Offer. If the judgment that the offeree finally obtains is not more favorable than the unaccepted offer, the offeree must pay the costs incurred after the offer was made.

Fed. R. Civ. Pro. 68.  The plain language of the Rule does not speak to class cases.

The Court of Appeals has recognized the tension between Rule 68 and Rule 23, but held that a Rule 68 offer of judgment is improper when used to vitiate a class representative's claim. *Weiss v. Regal Collections*, 385 F.3d 337, 344 (3d Cir. 2004) (FDCPA case).  Rule 68 prompts both parties to a suit to evaluate the risks and costs of litigation and to balance them against the likelihood of success upon trial on the merits.  *Marek v. Chesny*, 473 U.S. 1, 5 (1985).  By the Rule, a defendant may make "an offer to allow judgment" to be taken against it.  Fed. R. Civ. P. 68(a).

However, an offer of judgment has parameters and courts have been quick to recognize the potential for abuse of Rule 68 by a defendant.  Federal case law holds a Rule 68 offer of

3

judgment is incompatible with class actions for two reasons.  First, the offer creates an irreconcilable conflict between class representatives and the class.  Second, the mandatory nature of Rule 68 runs afoul of the court's class action approval authority in Rule 23.  *See Weiss*, 385 F.3d at 344-45; *Wang v. Chinese Daily News, Inc.*, 2006 WL 1635423 (C. D. Cal. May 9, 2006) (striking offer of judgment); *Janikowski v. Lynch Ford, Inc.*, 1999 WL 608714 (N. D. Ill. Aug. 5, 1999) (striking offer of judgment), *aff'd on other grounds*, 210 F.3d 765 (7th Cir. 2000).

Indeed, the Supreme Court has recognized that a plaintiff effectively could be "picked-off" by a defendant's tender of judgment before an affirmative ruling on class certification.  This would obviously frustrate the object of class actions.  *Dep. Guar. Nat. Bank v. Roper*, 445 U.S. 326, 339 (1980).  In *Weiss*, 385 F.3d at 344, the Third Circuit recognized the impropriety of offers of judgment in FDCPA class actions such as this:

> "... allowing the defendants here to 'pick-off' a representative plaintiff with an offer of judgment less than two months after the complaint is filed may undercut the viability of the class action procedure and frustrate the objectives of this procedural mechanism for aggregating small claims like those brought under the FDCPA."

Following *Weiss,* at least three judges in this District have granted Motions to strike Offers of Judgment because the apparent goal of the offer was to undermine the class action. *See Smith v. NCO Financial Systems, Inc.*, 257 F.R.D. 429 (May 22, 2009)(Rufe, J.)(Striking Defendants' offer of judgment "because [it] contravenes not only the class action mechanism but also Congressional intent under the FDCPA"); (*Zeigenfuse v. Apex Asset Mgmt. LLC*, 239 F.R.D. 400, 403 (E.D. Pa. 2006) (Bartle, C.J.) (denying defendant's argument that there was "nothing to strike" and striking the offer of judgment because its purpose was to undermine the class action); *Strausser v. ACB Receivables Mgmt.*, 2007 WL 512789 (E.D. Pa. Feb. 12, 2007) (O'Neill, S.J.) (following *Zeigenfuse*).  Courts elsewhere have done the same.  *See, e.g., Stewart*

*v. Cheek & Zeehandelar*, 252 F.R.D. 384 (S. D. Ohio 2008); *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600 (D. Neb. 2007). Likewise here, Defendant's Offer of Judgment should be stricken, *i.e.*, declared of no effect. Defendant's attempt to pick-off Plaintiff and use the potential punitive weight of a valid Rule 68 offer to act as a wedge to force acceptance of an unwise settlement should not be countenanced. This common defense tactic, which has not been tolerated in other class actions, should not be tolerated here.

### B. Defendant Confuses an Offer of Judgment with an Offer of Settlement

Defendant's Offer should be stricken because it is, in all respects, not an offer of judgment, as Rule 68 contemplates, but rather an offer of settlement. The (individual, non-class) offer of judgment states:

> PLEASE TAKE NOTICE that the Defendant, CARDWORKS SERVICING LLC, pursuant to F.R.C.P. 68, hereby offers to allow judgment to be taken against it as follows:
>
> 1) Judgment shall be entered against Defendant CardWorks Servicing, LLC in the amount of One Thousand One Dollars ($1,001.00) in statutory damages, plus Ten Dollars ($10.00) in actual damages, plus the costs of the action, plus reasonable attorneys fees through and including the 14th day following service of this offer, such fees and costs to be determined by the Court upon motion by Plaintiff unless the parties otherwise advise the Court of their agreement on the attorney fees and costs. The Plaintiff shall make a good faith effort to reach agreement on the amount of attorney fees before filing a motion under this paragraph.
>
> 2) This Judgment is entered solely for the purposes specified in Rule 68 of the Federal Rules of civil Procedure and is not to be construed either as an admission that any Defendant is liable in this action, or that Plaintiff has suffered any damage.

(*See* Exhibit A hereto).

The hallmark of a "judgment" under the Federal Rules of Civil Procedure is its simplicity and self-contained completeness. A proper judgment "says who is liable for how much, then

5

stops." *Citizens Electric Corp. v. Bituminous Fire & Marine Ins. Co.*, 68 F.3d 1016, 1021 (7th Cir. 1995). Plaintiff cannot fathom how he could accept the offer, submit to the clerk for entry of binding judgment as to him alone, then return to him duties as class representative. By definition, a "judgment" is an appealable Order or Decree from which an appeal may be taken. *In Re Cendant Corp. Sec. Lit.*, 454 F.3d 235, 240 n.2 (3d Cir. 2006). In other words, a judgment marks the end of litigation, save perhaps an appeal, not some interim milestone. *See Morton Int'l. Inc. v. A.E. Staley Mfg. Co.*, 460 F.3d 470, 476 (3d Cir. 2006). CardWorks' Offer of Judgment would result in the entry of judgment for $1,011 for Hornicek alone, followed by motion practice over fees and <u>then</u> persuading class certification – by a class representative already in judgment! This approach is absurd and establishes that the Offer of Judgment cannot be accepted even if it were, *arguendo*, desirable.

To be clear, the parties are free to *settle* their respective disputes. Frequently, a defendant pays a sum of money while denying liability and securing a release of non-parties as well. But a *judgment* does not operate in that way. Indeed, Defendant's offer is really a mere offer of settlement; it is not a proper offer of judgment, and cannot be treated as one. *See Clark v. Sims*, 28 F.3d 420, 424 (4th Cir. 1994) ("settlement negotiations may not be given the effect of a formal offer of judgment.").

    **C.**    **Defendant's Attempt to Undermine the Class Action is Improper**

Defendant is clearly attempting to "pick-off" Plaintiff as a class representative in this matter in order to undermine this class action. If permitted, Defendant could bait each putative class plaintiff with an Offer until the action was frustrated. As the U.S. Supreme Court in *Roper* stated, that "would frustrate the objective of class actions; moreover, it would invite waste of judicial resources by stimulating successive suits brought by others claiming aggrievement." 445

U.S. at 339.  Similarly, in *Weiss*, the Third Circuit stated that "allowing defendants to 'pick-off' putative lead plaintiffs contravenes one of the primary purposes of class actions - the aggregation of numerous similar (especially small) claims in a single action." 385 F.3d at 345.  The *Weiss* Court further observed that "the goals and enforcement mechanisms of the FDCPA" would be frustrated if defendants were allowed to pick-off class plaintiffs in FDCPA cases. *Id.*

While it is anticipated that Defendant will argue that its offer does not seek to "pick-off" the Plaintiff or moot the proposed class action, this Offer, by its very terms would do just that. Accordingly, Plaintiff Hornicek would no longer have a claim and would be an inadequate class representative.  Plaintiff must have essentially the same or highly similar claim as the putative class.  Fed. R. Civ. P. 23(a)(4).  Further, once settled with this named Plaintiff with entry of judgment, there is no more case or controversy, effectively destroying jurisdiction and mooting the case.  Once Hornicek is so "picked-off" by Defendant, a new named plaintiff would need to step up and take his place – Defendant can then pay them off as well.  Simply stating the action won't be "moot" does not change this.

In addition, because a proper offer of judgment potentially caps recovery and counsel fees very early in the case, and makes a plaintiff liable for "costs incurred after the offer was made," F. R. Civ. P. 68(d), it puts a plaintiff at some risk.  As a result, it has also been repeatedly held that Defendant cannot use an offer of judgment as an "attempt to shift the risk of costs to a named plaintiff should class certification be unsuccessful." *Smith*, 257 F.R.D. at 431, 433 (citing to *Strausser*, 2007 WL 512789 at *2; *Zeigenfuse*, 239 F.R.D. at 402-403).  As noted in *Smith*, if class certification is denied, then Defendant is "free to make another offer of judgment to Plaintiff without running afoul of the principles herein." *Smith*, 257 F.R.D. at 434.

The Court in *Smith* was not persuaded by defense counsel's attempt to dress-up the offer served in that matter as anything other than an attempt to "pick-off" the plaintiff and moot the FDCPA class action before it. 257 F.R.D. at 432-433. Likewise, this Court should not entertain any such arguments by defense counsel, but rather should strike defendant's improper offer of judgment. *Smith,* 257 F.R.D. at 434; *Zeigenfuse*, 239 F.R.D. at 403.

## IV. CONCLUSION

For the reasons set forth above, Plaintiff Anthony Hornicek moves the Court to strike Defendant's Offer of Judgment and declare it to be of no effect.

                          Respectfully submitted:

Date: 12/10/10                  */s/ Theodore E. Lorenz*
                            CARY L. FLITTER
                            THEODORE E. LORENZ
                            ANDREW M. MILZ
                            Attorneys for Plaintiff and the Class

                            LUNDY, FLITTER, BELDECOS &
                            BERGER, P.C.
                            450 N. Narberth Avenue
                            Narberth, PA 19072
                            (610) 822-0781

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CARDWORKS SERVICING, LLC,<br><br>　　　　　　　　Defendant. | CIVIL ACTION NO. 10-CV-3631(LP)<br><br>CLASS ACTION |

## CERTIFICATE OF SERVICE

I hereby certify that on December 10, 2010, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to:

Joann Needleman, Esquire
Maurice & Needleman, P.C.
935 One Penn Center
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103

Said document is available for viewing and downloading from the ECF system.

A copy of this document was forwarded via first class mail to the following:

John H. Bedard, Jr., Esquire
Bedard Law Group, P.C.
2810 Peachtree Industrial Boulevard
Suite D
Duluth, GA 30097

Date:  12/10/10　　　　　　　　　　　　　　　*/s/ Theodore E. Lorenz*
　　　　　　　　　　　　　　　　　　　　　　THEODORE E. LORENZ