# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, on behalf of Himself and all others similarly situated, 683 Shropshire Drive West Chester, PA 19382<br><br>    Plaintiff,<br><br>v.<br><br>CARDWORKS SERVICING, LLC 255 West Station Square Drive Pittsburgh, PA 15219,<br><br>    Defendant.<br>_____ | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION FILE NO.<br>) 2:10-cv-03631-LP |

## DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OFFER OF JUDGMENT

COMES NOW, CardWorks Servicing, LLC ("CardWorks"), Defendant in the above-styled action, and responds to Plaintiff's Motion to Strike Defendant's Offer of Judgment as follows:

### I. Introduction And Procedural History

Plaintiff filed his class action Complaint on July 23, 2010, alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. (Doc. No. 1)  Defendant filed its Answer with Affirmative Defenses on

September 9, 2010. (Doc No. 2)  On November 1, 2010, Defendant filed a Motion to Compel Arbitration challenging this Court's jurisdiction and requesting that the case be stayed pending adjudication of the jurisdictional issue. (Docs No. 10-14)  On November 10, 2010, Plaintiff filed his own Motion to Stay Proceedings. (Doc. NO. 16)  Six days later, on November 16, 2010, Defendant offered judgment to Plaintiff pursuant to Rule 68.  The Court stayed this case the following day, November 17, 2010. (Doc No. 19)

During a telephone hearing on November 30, 2010, the Court granted Plaintiff leave to file a motion during the stay to address concerns about Defendant's offer of judgment.  On December 10, 2010, Plaintiff filed a Motion to Strike Defendant's Offer of Judgment. (Docs No. 20, 22)  Defendant now responds to that motion.

**II.   Argument and Citation of Authority**

      **A.   This Court Lacks Jurisdiction To Adjudicate This Case.**

Presently pending before the Court is a motion to compel arbitration which challenges the Court's jurisdiction to adjudicate Plaintiff's claims.  It would be premature for the Court to rule on Plaintiff's motion to strike without first ruling on the threshold issue of whether the Court has jurisdiction in the first instance.  Defendant realizes that it is within the Court's discretion to rule on motions in any order it sees fit; however, the Court does have an "obligation to ensure that it has

subject matter jurisdiction over a pending action prior to ruling on the action, regardless of whether the issue has been adequately raised by the parties." *Zambelli Fireworks Mfg. Co. v. Wood,* 592 F. 3d 412, 419 (3rd Cir. 2010)(court may address subject matter jurisdiction *sua sponte*).

Jurisdiction is a threshold issue, the resolution of which obviates the need to consider Plaintiff's Motion to Strike. *See*, *Clark v. Pfizer, Inc.*, 2004 U.S. Dist. LEXIS 17813 (E.D. Pa. 2004). As the U.S. Supreme Court stated: "Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Ex parte McCardle,* 74 U.S. 506, 514, 19 L.Ed. 264 (1868). Defendant further submits that judicial economy and the preservation of resources for all parties are promoted by first determining the Court's jurisdiction. No party is prejudiced by waiting for a jurisdictional determination.

    **B.**    **The Motion To Strike Should Be Denied Because Plaintiff Has Unduly Delayed Filing His Class Certification Motion.**

        1.    *The "Undue Delay" Exception Applies In This Court.*

Defendant recognizes the following:

- There is tension between Federal Rule 68 and Rule 23;
- *In general,* the law does not allow a Defendant to "pick off" a class plaintiff with a Rule 68 offer of judgment;

3

- This very Court has thrice addressed the issue of Rule 68 offers of judgment in the context of class claims, each time forcing Rule 68 to yield to the public policies underlying Rule 23 where class Plaintiffs were not dilatory; *Smith v. NCO Financial Systems, Inc.*, 257 F.R.D. 429 (May 22, 2009); *Zeigenfuse v. Apex Asset Mgmt., LLC,* 239 F.R.D . 400 (E.D. Pa. 2006); *Strausser v. ACB Receivables Mgmt.,* 2007 U.S. Dist. LEXIS 14359 (E.D. Pa. Feb. 12, 2007).
- The controlling law on this issue is the Third Circuit's opinion in *Weiss v. Regal Collections*  385 F. 3d 337 (3d Cir. 2004); 2004 U.S. App. LEXIS 20503.

Notwithstanding the above, Plaintiff's motion to strike should be denied because Plaintiff's behavior in this action falls under the "undue delay" exception to the general rule that Defendants may not use Rule 68 to moot class claims.  This exception has been recognized by the Third Circuit and by this Court.

In *Weiss*, the Defendant made an offer of judgment to an individual class plaintiff *before* the Plaintiff filed his class certification motion and *before* the Plaintiff's deadline to file the motion expired.  The Defendant moved to dismiss the case on jurisdictional grounds when the offer was not accepted.  The District Court granted the motion to dismiss on the basis that Defendant's offer of judgment provided complete relief.  On appeal, the Third Circuit considered

4

"whether a putative class representative's claim is mooted by a Rule 68 offer of judgment so as to defeat federal subject matter jurisdiction in a suit requesting class-wide relief." *Id* at 339.

After considering the tension between Federal Rule 23 and Federal Rule 68, the Third Circuit reversed the dismissal, holding: "**Absent undue delay** in filing a motion for class certification…where a defendant makes a Rule 68 offer to an individual claim that had the effect of mooting possible class relief asserted in the complaint, the appropriate course was to relate the certification motion back to the filing of the class complaint." *Id* at 337. [Emphasis added]. The Third Circuit *did not* strike the defendant's offer of judgment; but instead allowed Plaintiff's motion for class certification to "relate back" to the filing of the class complaint. Since the offer of judgment did not include class-wide relief, it did not operate to defeat subject matter jurisdiction.

This Court has applied *Weiss* on at least three separate occasions. *See*, *Smith v. NCO Financial Systems, Inc.*, 257 F.R.D. 429 (E.D. Pa. 2009); 2009 U.S. Dist. LEXIX 44128; *Zeigenfuse v. Apex Asset Management*, 239 F.R.D. 400 (E.D. Pa. 2006); 206 U.S. Dist. LEXIS 90757; *Strausser v. ACB Receivables Management*, 2007 U.S. Dist. LEXIS 14359 (E.D. Pa. 2007). In each of those cases, the offer of judgment was made quickly at the onset of the case, the plaintiffs were not dilatory in pursuing class claims, and the deadline to file the class certification motion had

5

not expired. Both the *Smith* Court and the *Zeigenfuse* Court highlighted that portion of the *Weiss* Court's ruling requiring an absence of undue delay in filing the motion for class certification as a condition precedent to nullifying the offer of judgment. See, *Smith,* at 432, fn 22; *Zeigenfuse,* at 402.

Courts outside this district have followed also *Weiss. See, Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 602 (D. Neb. 2007)(*Weiss* forbids the use of Rule 68 to moot possible class relief unless there is 'undue delay in filing a motion for class certification) *See Also*, *Morgan v. Account Collection Tech, LLC,* 2006 U.S. Dist. LEXIS 64528 (S.D. N.Y. 2006); *Radaj v. ARS Nat'l Servs.*, 2006 U.S. Dist. LEXIS 68883 (E.D. Wis. 2006); *Jenkins v. Gen. Collection Co.*, 246 F.R.D. 600, 2007 U.S. Dist. LEXIS 84285 (D. Neb. 2007); *Everett v. MCI, Inc.*, 2006 U.S. Dist. LEXIS 71871 (D. Ariz. 2006); *Sampaio v. People First Recoveries, LLC,* 2008 U.S. Dist. LEXIS 17110 (S.D. Fla. 2008).

Although Rule 23 does not require a class plaintiff to file its motion for class certification immediately, the Court in *Zeigenfuse* specifically relied on this Court's Local Rule 23.1 in concluding that the plaintiff was not dilatory in pursuing class claims when the Court ordered an extension of the 90 day deadline and Plaintiff had not yet missed the Court's revised deadline. *Zeigenfuse,* at 402. *All* cases relied on by Plaintiff deal with an offer of judgment made by a defendant quickly at the onset of a case and *prior* to the expiration of Plaintiff's deadline to

move for class certification. *See*, *Smith v. NCO Financial Systems, Inc.*, 257 F.R.D. 429 (E.D. Pa. 2009); 2009 U.S. Dist. LEXIX 44128; *Zeigenfuse v. Apex Asset Management*, 239 F.R.D. 400 (E.D. Pa. 2006); 206 U.S. Dist. LEXIS 90757; *Strausser v. ACB Receivables Management*, 2007 U.S. Dist. LEXIS 14359 (E.D. Pa. 2007).  These distinguishing facts cannot be understated.

        2.      *Missing The Class Certification Deadline Constitutes Undue Delay Under Weiss.*

Plaintiff didn't just miss the deadline to file class certification – Plaintiff has completely ignored it.  Defendant asks this Court to hold that when a class plaintiff does not file his motion for class certification by the Court's deadline, does not ask the Court to extend the deadline, and offers no good cause to extend the deadline, Plaintiff is engaged in undue delay sufficient to deny his request to strike an offer of judgment.  The cases cited by both sides support this conclusion.

Rule 23(c)(1)(A) states: "*Time to Issue.*  At an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed R. Civ. P. 23(c)(1)(A). Although Rule 23 does not specify a time period other than "at an early practicable time" for a plaintiff to move for class certification, Local Rule 23.1(c) is very clear and specifically states:

> Within ninety (90) days after the filing of a complaint in a class action, unless the period is extended on motion of good cause appearing, the plaintiff shall move for a determination under

>subdivision (c)(1) of Fed.R.Civ.P. 23, as to whether the case is to be maintained as a class action.

E. Dist. Pa. L.R.C.P. 23.1(c).

Plaintiff filed his Class Complaint on July 23, 2010. Under LR 23.1, Plaintiff was required to move for class certification no later than October 22, 2010. To date, Plaintiff has not moved for class certification, Plaintiff has made no attempt to ask this Court to extend the time to move for class certification pursuant to Local Rule 23.1(c), and Plaintiff has shown no good cause on why he has delayed in moving for class certification.

Plaintiff's contention that *Weiss* and its progeny support his motion to strike Defendant's offer of judgment mischaracterizes the rule, which requires the absence of undue delay. *Weiss* lays out a bright line holding: "*Absent undue delay in filing a motion for class certification*, …where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint." *Weiss* at 347   Plaintiff relies on *Weiss,* but ignores its basic requirements.

Unlike the defendants in all the cases cited by Plaintiff, Defendant *did not* quickly serve its offer of judgment at the onset of his action.[1]  Instead, Defendant waited until nearly one month after the expiration of Plaintiff's deadline to file his class certification motion to make the offer of judgment.  Defendant is not engaged in nefarious procedural posturing as Plaintiff suggests.[2]  Defendant is *not* asking this Court to deny a motion for class certification because of the missed deadline; nor is Defendant asking this Court to dismiss this case for lack of subject matter jurisdiction.  Defendant is simply asking this Court to find that the Plaintiff may not now take advantage of the "relation back" rule articulated in *Weiss* because Plaintiff has ignored his deadline to move for class certification, has failed to seek leave to extend the deadline, and has utterly failed to make any showing of good cause as to why he has not requested an extension or satisfied the deadline.  This Court has previously held that a Plaintiff offering no excuse for non-compliance with deadlines is sufficient to deny even class certification. *Wilson v. Seven Seventeen HB Philadelphia Corp.*, 2001 U.S. Dist. LEXIS 5470. *15-16 (E.D. Pa. 2001).

---

[1] Defendant recognizes that this Court has previously characterized such behavior as an unwelcome "defense maneuver contrary to the thrust of Rule 23(c)(1)(A).
[2] Plaintiff suggests that Defendant is somehow increasing the costs of this litigation; however, the Court needs no reminding that *Plaintiff* asked for this case to be stayed yet Plaintiff insists on requesting court hearings and engaging in motion practice.

Plaintiff's delay in moving for class certification is inconsistent with the Third Circuit's holding in *Weiss* and this Court's opinions (cited by Plaintiff in his Motion) following the *Weiss* decision.

## III. CONCLUSION

For the reasons set forth above, Defendant respectfully requests that this Court deny Plaintiff's Motion to Strike Defendant's Offer of Judgment.

Respectfully Submitted,

**MAURICE & NEEDLEMAN, P.C.**

/s/ *JOANN NEEDLEMAN*

_____
JOANN NEEDLEMAN, ESQ. (74276)
935 One Penn Center
1617 John F. Kennedy Blvd
Philadelphia, PA 19103
(215) 789-7151
(215) 563-8970 fax
joann@mnlawpc.com
*Attorney for Defendant,*
*Cardworks Servicing LLC*

**BEDARD LAW GROUP**

**/S/ JOHN H. BEDARD**

_____

JOHN H. BEDARD, ESQ.
2810 Peachtree Industrial Blvd
Suite D
Diluth, GA 30097
(678) 253-1871 X244
(678) 253-1873  fax
jbedard@bedardlawgroup.com

December 20, 2010

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct of the foregoing Memorandum of Law in Opposition to Motion to Strike Rule 68 Offer of Judgment was served on this date via the electronic filing system and regular mail, postage-prepaid, addressed to the following:

THEODORE LORENZ, ESQ
450 N. NARBERTH STREET
NARBERTH, PA 19072

/s/ *JOANN NEEDLEMAN*

_____

JOANN NEEDLEMAN (74276)

Dated:  December 20, 2010