IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, on behalf of himself and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>　　vs.<br><br>CARDWORKS SERVICING, LLC,<br><br>　　　　　　　　　Defendant. | CIVIL ACTION NO. 10-CV-3631(LP)<br><br>CLASS ACTION |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITON TO PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S OFFER OF JUDGMENT**

　　This reply is necessary due to Defendant's complete failure to inform the Court of important facts bearing on the timing of Plaintiff's Motion for Class Certification in connection with Defendant's response to Plaintiff's motion to strike Defendant's offer of judgment.

　　Defendant argues that the Plaintiff's Motion to Strike the offer of judgment should be denied because Plaintiff's has not yet filed a class certification motion and that constitutes "undue delay". (Def.'s br., pgs. 3-9). In support of that argument, Defendant wants to use *Weiss v. Regal Collections*, 385 F.3d 337, 347 (3d Cir. 2004), to argue that an alleged "undue delay" in filing a class certification motion some how justifies a defendant's otherwise improper offer of judgment served on the putative class plaintiff. Not only does Defendant misapprehend the application of the "relation back doctrine" in *Weiss*, but Defendant also fails to advise the Court that <u>CardWorks requested</u> and was given a deferral on class discovery pending the disposition of Defendant's motion to compel arbitration. (Ex. A).

　　The stay of Defendant's discovery obligations also resulted in the continuation of the filing of Plaintiff's class certification until after a ruling on Defendant's motion. CardWorks completely omits to apprise the Court that <u>it</u> sought the very delay they now decry. Additionally,

Defendant fails to demonstrate any prejudice resulting from the postponed filing and indeed cannot since it has benefited by not incurring the costs associated with responding to Plaintiff's class discovery requests and a class certification motion at this time.

In *Weiss*, the Third Circuit stated:

> Absent undue delay in filing a motion for class certification, [ ], where a defendant makes a Rule 68 offer to an individual claim that has the effect of mooting possible class relief asserted in the complaint, the appropriate course is to relate the certification motion back to the filing of the class complaint.FN19
>
> FN19  To hold otherwise would predictably result in a plaintiff who seeks class relief in a consumer representative action filing a motion for class certification at the time of filing the class complaint.  As one trial court noted " 'Hinging the outcome of this motion [to dismiss] on whether or not class certification has been filed is not well-supported in the law nor sound judicial practice; it would encourage a 'race to pay off' named plaintiffs very early in the litigation, before they filed motions for class certification.' " (citations omitted)

*Weiss*, 385 F.3d at 348.

The Third Circuit in *Weiss* relied on the relation back doctrine in order to thwart the tactic of defense counsel trying to use a Rule 68 offer of judgment to "pick off" a class plaintiff and moot a class action prior to the class motion being filed. *Id.* at 347.  A central issue in *Weiss* was whether the putative class plaintiff retained "standing to litigate class certification though his individual claim is moot" as a result of the Rule 68 offer of judgment. *Id*. at 347.  The Third Circuit found that the plaintiff would retain standing since the class certification motion, filed after the service of the Rule 68 offer, would relate back to the filing of the class complaint. *Id.* at 348.  By allowing the class motion to relate back, the class certification process could "play out according to the directives of Rule 23 and [    ] permit due deliberation by the parties and the court on the class certification issues." *Id* at 348.  The "relation back" discussion in *Weiss*

decision is therefore not a basis upon which to deny Plaintiff's motion to strike Defendant's improper offer of judgment.

Here, as in *Weiss,* Plaintiff's class certification motion has not yet been filed, but not because of any delay (much less any "undue delay") attributable to Plaintiff or his counsel. As discussed above, the date for filing Plaintiff's class certification has been continued as a result of Defense counsel's request to stay discovery, including class discovery, pending a resolution of its arbitration motion. (Ex. A). Any delay in filing has actually benefitted Defendant since it has not incurred the time and costs associated with responding to class discovery and a class motion. Defendant is not being forthright.

The Class Complaint in this matter was filed on July 23, 2010 and served on August 6, 2010. Defendant's answer was due by August 27, 2010. Defendant, instead of filing its answer, sought and received from Plaintiff's counsel an extension until September 10, 2010 to file its answer. (Ex. B). Defendant filed its answer on September 9, 2010. Defendant fails to mention this extension as well.

On August 27, 2010, the original date for Defendant's answer, Plaintiff served an initial set of interrogatories, document requests, and a Rule 30(b)(6) Deposition Notice. (Ex. C). Defendant's responses were due no later than September 30, 2010. Plaintiff's discovery requests sought information relating to class size, net worth, and other information needed to file a motion for class certification.(Ex. C). Defendant, instead of providing this information, contacted Plaintiff's counsel about an open-ended extension for responding to Plaintiff's discovery as set forth in Defense counsel's September 23, 2010 letter attached as Exhibit A. Plainly, the deferral in discovery was to be without prejudice to either party. It would have been premature and an imprudent use of time and resources to file the motion within 90 days after the filing of the class

complaint under Local Rule 23.1(c) since Plaintiff would not have the necessary class discovery and Defendant would not be prejudiced in any way.

In *Gomberg v. Western Union Corp.*, 1997 WL 338938 *5 (E.D. Pa. June 16, 1997 (Yohn, J.), defendant opposed the plaintiff's class certification motion, claiming it was untimely under Rule 23.1(c). The court disagreed, finding that since defendants would not provide discovery while its motion to dismiss was pending, plaintiff acted prudently and with good cause in not filing a class certification motion without first having the opportunity to conduct discovery. *Id*. The court further found that Defendant was not prejudiced in any way by the later filing of the motion for class certification.

Typically, the time in which to file a class certification motion is addressed at the initial Rule 16 Conference. However, the initial Rule 16 Conference scheduled for October 13, 2010 was adjourned as a result of Defendant's stated intention of filing a motion to compel arbitration. (Doc. No. 9); (Ex. D).[1] The Scheduling Conference was reset for November 17, 2010, but that conference was also adjourned in light of the Stay Order entered on November 17, 2010 (Doc. No. 19). Once again, Defendant benefitted (rather than being prejudiced) from these adjournments because it did not have to pay for its out of state counsel, John Bedard, to fly to and attend the scheduling conference in Philadelphia.

Defendant's offer of judgment, as stated in Plaintiff's motion, amounts to nothing more than Defense counsel's attempt to "pick-off" Plaintiff Hornicek, to shift the costs of this action to Plaintiff, and to moot this action. This tactic has been expressly rejected by our Court of Appeals and by other judges in this District time and again. *Weiss*, 385 F.3d 337; *Smith v. NCO Financial Systems, Inc.*, 257 F.R.D. 429 (May 22, 2009); *Zeigenfuse v. Apex Asset Mgmt. LLC*,

---

[1] There was some attempt to discuss settlement at this point, but it became apparent after several rounds of discussions that Defendant had no real interest in doing so.

4

239 F.R.D. 400, 403 (E.D. Pa. 2006); *Strausser v. ACB Receivables Mgmt.*, 2007 U.S. Dist. LEXIS 14359 (E.D. Pa. Feb. 12, 2007).[2] The Court should not be swayed by Defense counsel's attempt to dress up its offer as anything else or by Defendant's misapplication of *Weiss*.

The offer of judgment is improper. When asked repeatedly to withdraw it, Defendant steadfastly refused to do so, thereby necessitating the within Motion.[3] For the reasons set forth in Plaintiff's Motion to Strike Defendant's Offer of Judgment and in this Reply, Plaintiff's Motion should be granted and Defendant's Offer of Judgment stricken.

                                                            Respectfully submitted:

Date: 12/23/10                                */s/ Theodore E. Lorenz*
                                                         CARY L. FLITTER
                                                         THEODORE E. LORENZ
                                                         ANDREW M. MILZ
                                                         Attorneys for Plaintiff and the Class

                                                         LUNDY, FLITTER, BELDECOS &
                                                         BERGER, P.C.
                                                         450 N. Narberth Avenue
                                                         Narberth, PA 19072
                                                         (610) 822-0781

---

[2] Indeed, during the telephone conference with Chambers on November 29, 2010, Defendant argued that it served the Rule 68 offer in attempt to shift costs to the putative class plaintiff. Apparently, Defendant now understands that is <u>not</u> permissible, *Smith*, 257 F.R.D. at 431, 433 (citing to *Strausser*, 2007 WL 512789 at *2; *Zeigenfuse*, 239 F.R.D. at 402-403), and is trying a different tact.

[3] Defendant's jurisdictional argument is just silly. (Def.'s br., pg. 2). This Court has jurisdiction to decide this motion to strike and need not hold off doing so pending a decision on Defendant's motion to compel arbitration.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>　vs.<br><br>CARDWORKS SERVICING, LLC,<br><br>　　　　　　Defendant. | CIVIL ACTION NO. 10-CV-3631(LP)<br><br>CLASS ACTION |

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 23, 2010, I have electronically filed the foregoing with the Clerk of Court using the CM/ECF system which sent notification of such filing to:

Joann Needleman, Esquire
Maurice & Needleman, P.C.
935 One Penn Center
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103

Said document is available for viewing and downloading from the ECF system.

A copy of this document was forwarded via first class mail to the following:

John H. Bedard, Jr., Esquire
Bedard Law Group, P.C.
2810 Peachtree Industrial Boulevard
Suite D
Duluth, GA 30097

Date:　12/23/10　　　　　　　　　　　　*/s/ Theodore E. Lorenz*
　　　　　　　　　　　　　　　　　　　　THEODORE E. LORENZ