# EXHIBIT "C"

## LUNDY, FLITTER, BELDECOS & BERGER, P.C.

STUART R. LUNDY
CARY L. FLITTER
ANTHONY J. BELDECOS
PHILLIP D. BERGER
ERIC C. MILBY
THEODORE E. LORENZ
BRENDA GLASER ABRAMS
DEBORA A. GONZALEZ
ANDREW M. MILZ
MICHAEL P. DECKTOR
JESSICA M. GULASH

ATTORNEYS AT LAW
450 N. NARBERTH AVENUE
NARBERTH, PA 19072
(610) 668-0770
FAX (610) 667-0552
FAX (610) 668-7481

MARLTON, NJ
(856) 338-1300

EMAIL: LORENZ@LFBB.COM
DIRECT DIAL: 610-822-0781

August 27, 2010

**_VIA E-MAIL & FIRST CLASS MAIL_**
John H. Bedard, Jr., Esquire
Bedard Law Group, P.C.
2810 Peachtree Industrial Boulevard, Suite D
Duluth, GA 30097

RE:   Anthony Hornicek, on behalf of himself and all
      others similarly situated v. Cardworks Servicing, LLC
      U.S.D.C. E.D. Pa. Civil Action No. 10-CV-3631(LP)

Dear Mr. Bedard:

Mike Gibson advises that you are taking over the defense of this matter. Defendant has, by extension, until September 10, 2010 to file an Answer. And even though your client is on extension to answer the Complaint, we would nevertheless like to move forward with discovery. To that end, enclosed for service on Defendant CardWorks Servicing, LLC please find the following:

(1)   Plaintiff's Rule 26(a)(1) Initial Disclosures; and

(2)   Plaintiff's First Set of Interrogatories to Defendant.

(3)   Plaintiff's First Request for Production of Documents Directed to Defendant; and

(4)   Rule 30(b)(6) Notice of Deposition to Defendant.

If the date for the deposition is not convenient, please advise and provide me with alternative dates to reschedule it.

Very truly yours,

THEODORE E. LORENZ

TEL:seh
Enclosures

cc:   Michael H. Gibson, Esquire (via email, w/o encls.)

clf\hornicek-cardworks\correspondence\atty-court\20100827 TEL to Bedard let(servingdiscoveryreqs)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, on behalf of himself and all others similarly situated,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>CARDWORKS SERVICING, LLC,<br><br>　　　　　　Defendant. | CIVIL ACTION NO. 10-CV-3631(LP)<br><br>CLASS ACTION |

### PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS DIRECTED TO DEFENDANT

Plaintiff, by his undersigned attorney, hereby requests that Defendant CardWorks Servicing, LLC ("CardWorks") produce the following documents for Plaintiff's inspection and copying within thirty (30) days of service of this Request.

### DEFINITIONS AND INSTRUCTIONS

Unless negated by the context of the request, the following definitions are to be considered applicable to all requests contained herein:

"Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term "documents" includes, without limitation, correspondence, memoranda, interoffice communications, e-mails, instant messages, voicemail messages, minutes, reports, notes, schedules, analyses, drawings, diagrams, tables, graphs, charts, map surveys, books of account, ledgers, invoices, purchase orders, pleadings, contracts, bills, checks, drafts, diaries, logs, proposals, print-outs, recordings, telegrams, films, tax returns, and financial statements, and all other documents tangible or retrievable of any kind. "Documents" also include any preliminary notes and drafts of all the foregoing, in whatever

form, for example, printed, typed, longhand, shorthand, on paper, paper tape, computer drive, disk or other computer based storage, magnetic tape, microfilm, film, motion picture film, or other form.

"Class" is defined as the class of persons with addresses in the Eastern District of Pennsylvania identified in Paragraph 19 of the Class Complaint.

If any document is being withheld on the basis of privilege or work product doctrine, please describe the document by date, author, and addressee, state generally the contents of the document, and state the identity of all persons to whom copies of the allegedly privileged document were sent or received (in order that the propriety of the claim of privilege or work product can be determined).

This request shall be deemed continuing so as to require further and supplemental production should Defendant possess additional responsive documents to be produced between the time of the initial production and the time of trial. Plaintiff reserves the right to issue subsequent requests for production of documents.

## DOCUMENTS TO BE PRODUCED

1. Provide (in a computer readable format, if available) the name, last known address, and telephone number of all persons in the Class.

2. All documents relating to your calculation of the number of persons in the Class.

3. All documents you reviewed to determine the number of individuals in the Class.

4. Income statements, financial statements (audited and unaudited), balance sheets and tax returns for CardWorks for the years 2006 to present.

5. All documents relating to the disclosure of your net worth from 2006 to present, whether in another legal proceeding, an administrative proceeding, or a receiver financing.

6. All documents identified or required to be identified in Defendant's Rule 26 Disclosures.

7. All documents, including any policies or procedures, which address or bear on the creation, design and sending of the February 16, 2010 collection letter attached as Exhibit A to the Class Complaint.

8. All documents, including policies or procedures, which address or bear upon the creation and design of the letter template used to create the February 16, 2010 collection notice attached as Exhibit A to the Class Complaint.

9. All documents reflecting either CardWorks' or Merrick Bank's policies and procedures regarding the issuance of a Form 1099C.

10. Documents relating to instructions or guidance from Merrick Bank regarding the settlement of accounts claimed due, including the parameters in which CardWorks can operate to settle a Merrick Bank collection account.

11. Any and all correspondence between Defendant and Plaintiff.

12. Emails, tapes, records and logs of any communications between CardWorks and Plaintiff.

13. Emails, tapes, records and logs of any communications between CardWorks and others in connection with the debt claimed due from Plaintiff.

14. Your file(s) containing any documents relating to Plaintiff or the collection of Plaintiff's account claimed due.

15. Your files containing documents relating to each member of the Class.

16. All internal and external documents relating to the policy and practices of CardWorks in insuring compliance with the Fair Debt Collection Practices Act ("FDCPA").

17. Attach hereto a copy of each document constituting or evidencing all lawsuits or administrative actions against CardWorks filed in the last five years which allege violations of the FDCPA or other collection practices or consumer protection law, including any decisions reached in each action.

18. All insurance policies covering or potentially covering CardWorks for violations of the Fair Debt Collection Practices Act or acts complained of herein, including any reservation of rights.

19. All expert reports and all documents furnished to or relied upon by any expert.

20. All witness statements.

21. Any and all documents which were used to, referred to, relied upon or related to Defendant's Responses to Plaintiff's Interrogatories.

22. Any other documents not specifically identified herein which in any way relate to this matter.

Date: 8/27/10

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0781

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>CARDWORKS SERVICING, LLC,<br><br>Defendant. | CIVIL ACTION NO. 10-CV-3631(LP)<br><br>CLASS ACTION |

## **PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT**

The above named party, by his attorneys, Lundy, Flitter, Beldecos & Berger, P.C., hereby serve(s) the within Interrogatories and make(s) demand, pursuant to F.R.Civ.P. 33, that: (1) complete verified Answers to all of the Interrogatories be provided in accordance with F.R.Civ.P. 33; (2) completed original with verified Answers be returned to counsel within thirty (30) days of service hereof; and (3) one copy of the completed original with verified Answers be sent to each other party or that party's counsel in the above-captioned action.

These Interrogatories request information known to you or anyone acting in your behalf.

The terms "you" and "your" means Defendant, and shall include your parent, subsidiary and affiliated companies, as well as all of your agents, attorneys, accountants, employees, independent contractors, directors, shareholders, officers, d/b/a's, and predecessor, successor, or related entities.

"Class" is defined as the class of all persons with addresses in the Eastern District of Pennsylvania identified in Paragraph 19 of the Class Complaint.

The words "transaction(s)" and "incident(s)" shall be understood to refer to the event(s) complained of in the Class Complaint.

"Documents" is an all-inclusive term referring to any writing and/or recorded or graphic matter, however produced or reproduced. The term "documents" includes, without limitation, correspondence, memoranda, interoffice communications, e-mails, instant messages, voicemail messages, minutes, reports, notes, schedules, analyses, drawings, diagrams, tables, graphs, charts, map surveys, books of account, ledgers, invoices, purchase orders, pleadings, contracts, bills, checks, drafts, diaries, logs, proposals, print-outs, recordings, telegrams, films, tax returns, and financial statements, and all other documents tangible or retrievable of any kind. "Documents" also include any preliminary notes and drafts of all the foregoing, in whatever form, for example, printed, typed, longhand, shorthand, on paper, paper tape, computer drive, disk or other computer based storage, magnetic tape, microfilm, film, motion picture film, or other form.

"Identify" as applied to a person means to state the following: (a) full name; (b) title, if any; (c) present home address; (d) present business address; and (e) person, if any, for whom the person identified was acting at the time to which the interrogatory relates.

"Identify" as applied to any writing means to state the following: (a) its date; (b) identify of its author(s); (c) identity of its sender(s); (d) identity of person(s) to whom it is addressed; (e) identity of recipient; (f) format; (g) title; (h) number of pages; (i) complete summary of contents; and (j) identity of person(s) known or believed to have possession, custody or access to the writing.

"Identify" as applied to an oral statement, conversation or conference means to: (a) identify the person making each statement, the person to whom each statement was made, and all other persons present at the time of each statement; (b) state the date of such statement, conversation or conference; (c) state the place where such statement, conversation, or conference

was held; (d) if by telephone, identify the person making the call, the person receiving the call, and the places where the persons participating in the call were located; and (e) state in detail the substance of each statement, conversation or conference.

"Explain" or "state" means to set forth every fact relevant to the answer to the interrogatory and to set forth each such fact fully and unambiguously.

Whenever the expression "and/or" is used in these interrogatories, the information called for should be set out both in the conjunctive and disjunctive, and wherever the information is set out in the disjunctive, it should be given separately for each and every element sought.

Whenever a date, amount or other computation or figure is requested, the exact date, amount or other computation or figure is to be given unless it is not known; and then, the approximate date, amount or other computation or figure should be given, or the best estimate thereof; and the Answer shall state that the date, amount or other computation or figure is an estimate or an approximation.

No answer is to be left blank. If the answer to an interrogatory or subparagraph of an interrogatory is "none" or "unknown", such statement must be written in the answer. If the question is inapplicable "n/a" must be written in the answer.

If you assert a privilege, work product immunity, or decline to provide an answer on the basis of some other objection, please:

    i.    Identify and describe the document or communication in question;

    ii.    Describe the basis for the asserted privilege or objection;

    iii.    Identify every person to whom the document was sent, or every person present when the communication was made;

    iv.    Identify the present custodian of the document, if any.

Include sufficient facts for the court to make a full determination of whether the claim or objection is valid.

These interrogatories are continuing to the extent required by F.R.Civ.P. 33 and any information secured subsequent to the filing of your answers which would have been includable in the answers had it been known or available must be supplied by Supplemental Answers, which must be filed without further request or interrogatories.

## INTERROGATORIES

1. State the name(s), business address(es) and job title(s) or capacity(ies) of the officer(s), employee(s) or agent(s) answering or providing any information used to answer these Interrogatories.

2. Identify all communications between Defendant and Plaintiff. For each communication, set forth the date (and, if applicable the time) of the communication, the method of communication (e.g., telephone call, letter, etc.), who initiated the communication, to whom the communication was made, the employee or representative of Defendant who made the communication, and specifically what was communicated and/or said by each participant in the communication; and attach a copy of any documents (including any sound recordings) which relate to this interrogatory and your response.

3. Identify who drafted the template used to generate the February 16, 2010 letter attached to the Class Complaint sent to Plaintiff and substantially similar letters to the Class, and attach all documents which relate to your answer.

4. Itemize the balance sought in the February 16, 2010 collection letter attached to the Class Complaint, identifying amounts of principal, interest, late fees, attorney fees, collection fees, other charges or fees, and any other amounts.

5. Set forth in detail any guidance and/or instructions you received from Merrick Bank regarding the settlement of accounts, including the minimal amount the creditor authorized you to accept in order to settle Plaintiff's account.

6. Set forth in detail your relationship with Merrick Bank and attach all documents which relate to this answer.

7. Identify who (whether you, Merrick Bank or someone else) suggested or decided to include the statement that "the [IRS] requires all financial institutions to report to it any cancellation or forgiveness of debt of $600 or more", or a substantially similar statement, in your form collection letters.

8. When did you begin including the statement that "the [IRS] requires all financial institutions to report to it any cancellation or forgiveness of debt of $600 or more", or a substantially similar statement, in your form collection letters?

9. Are you still using the statement that "the [IRS] requires all financial institutions to report to it any cancellation or forgiveness of debt of $600 or more" in your form collection letters?

10. Are there any other versions or drafts of the statement "the [IRS] requires all financial institutions to report to it any cancellation or forgiveness of debt of $600 or more"? Attach all documents relating to your response.

11. Identify every person with knowledge of facts that bear on the accuracy or inaccuracy of the allegations of the Class Complaint and set forth in detail that person's knowledge; attach any documents which relate to this interrogatory and your response.

12. Identify all other claims or lawsuits by any consumer or administrative agency against Defendant concerning collection tactics or alleged violation(s) of the Fair Debt

Collection Practices Act or any other federal and state consumer or collection laws as alleged in the Class Complaint.

13. State the name and address of Defendant's liability insurer for the last three years and the dates of coverage, type, and policy numbers of each liability insurance policy.

14. Describe the procedures utilized by Defendant to avoid violation of the Fair Debt Collection Practices Act and attach any documents which relate to this interrogatory and your response.

15. Identify all individuals Defendant intends to call at a hearing or trial in this matter, including any expert witness, and set forth the basis of each person's proposed testimony; attach any documents which relate to this interrogatory and your response.

16. Please state the factual basis for the affirmative defenses asserted by Defendant.

17. State the number of persons with addresses in the Eastern District of Pennsylvania to whom you sent letters on behalf of Merrick Bank in a form substantially identical to the collection letter attached to the Class Complaint as Exhibit A, from July 23, 2009 to present.

18. Identify each person with addresses in the Eastern District of Pennsylvania to whom you sent letters on behalf of Merrick Bank in a form substantially identical to the collection letter attached to the Class Complaint as Exhibit A, from July 23, 2009 to present.

19. Set forth your net worth for each of the last three (3) years and how the figure(s) were determined; attach all documents which relate to your response.

20. Identify any other proceedings or lawsuits in which you have disclosed your net worth from 2006 to present; attach all documents which relate to this answer.

21. If you have applied for financing in the past two (2) years, identify the financial institution (public or private) or individual from whom you sought financing.

22. Identify all experts, consulted or retained in this matter, their curriculum vitaes, and identify the full basis for any opinion.

Date: 8/27/10

CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff and the Class

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA 19072
(610) 822-0781