IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, on behalf of himself and all others similarly situated,<br><br>                   Plaintiff,<br><br>      vs.<br><br>CARDWORKS SERVICING, LLC,<br><br>               Defendant. | CIVIL ACTION NO. 10-CV-3631(LP)<br><br>CLASS ACTION |

## O R D E R

AND NOW, this _____ day of _____, 2011, upon consideration of Defendant's Motion to Compel Arbitration and Stay Further Proceedings (Doc. No. 10) and Plaintiff's Response in Opposition thereto (Doc. No. ____) and for good cause shown, it is hereby ORDERED that Defendant's Motion to Compel Arbitration and Stay Further Proceedings (Doc. No. 10) is DENIED.


_____
                       U.S.D.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY HORNICEK, on behalf of himself
and all others similarly situated,

                        Plaintiff,

          vs.                        CIVIL ACTION NO. 10-CV-3631(LP)

CARDWORKS SERVICING, LLC,

                   Defendant.      CLASS ACTION

## PLAINTIFF'S RESPONSE TO DEFENDANT'S
## MOTION TO COMPEL ARBITRATION
## AND STAY FURTHER PROCEEDINGS

In response to Defendant's Motion to Compel Arbitration (Doc. No. 10), Plaintiff Anthony Hornicek, by and through his counsel, says:

1.     Admitted that Plaintiff had a credit card with Merrick Bank, otherwise paragraph 1 is denied.

2.     Admitted that Plaintiff had a credit card with Merrick Bank, otherwise paragraph 2 is denied.

3.     Paragraph 3 is denied.  Defendant is left to its proofs.

4.     Plaintiff is without sufficient knowledge or information to form a belief as to the statements contained in paragraph 4 and the same are denied.

5.     Plaintiff admits making payments on the card, otherwise paragraph 5 is denied.

6.     As to paragraph 6, Plaintiff recalls receiving Merrick Bank statements at his Pennsylvania residence; otherwise, this paragraph is denied.

7.      Paragraph 7 is denied to the extent it calls for a legal conclusion.  By way of further response, Plaintiff admits that at some point he was unable to make payments in connection with the credit card.

8.      Paragraph 8 is denied.

9.      Plaintiff admits receiving a collection letter dated February 16, 2010; otherwise paragraph 9 is denied.  Plaintiff does not recall receiving collection letters dated December 17, 2008 or March 29, 2009.

10.     As to Paragraph 10, Plaintiff admits to filing a Class Complaint on behalf of himself and a class of Pennsylvania resident for violations of the Fair Debt Collection Practices Act arising out of Cardworks' February 16, 2010 collection letter, as more fully set forth in the Complaint.  State law claims were not asserted and that statement by defendant is denied.

11.     Paragraph 11 is denied. Defendant's reference to "Plaintiff's credit card agreement" is denied. Defendant is left to its proofs as to the proffered document.

12.     Paragraph 12 is denied as a legal conclusion to which no response is required.

13.     Paragraph 13 is denied.  Further denied as a legal conclusion to which no response is required.

14.     Paragraph 14 is denied.  Further denied as a legal conclusion to which no response is required. Defendant is left to its proofs as to the proffered document.

15.     Paragraph 15 is denied.  Further denied as a legal conclusion to which no response is required.  Defendant is left to its proofs as to the proffered document.

16.     Paragraph 16 is denied as a legal conclusion to which no response is required.

17.     Paragraph 17 is denied as a legal conclusion to which no response is required. By way of further response, Defendant is left to its proofs as to the proffered document.

18.     Paragraph 18 is admitted.

19.     Paragraph 19 is denied as a legal conclusion to which no response is required.

20.     Paragraph 20 calls for legal conclusions to which no response is required and the same are denied.

WHEREFORE, and in consideration of Plaintiff's Brief in Opposition to Defendant's Motion, the Motion to Compel Arbitration filed by Defendant Cardworks Servicing LLC should be denied.

Respectfully submitted:

Date:  5/16/11

/s/Theodore E. Lorenz (TEL5114)
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff and the Class

LUNDY, FLITTER, BELDECOS & BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0781

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, on behalf of himself and all others similarly situated,<br><br>       Plaintiff,<br><br>  vs.<br><br>CARDWORKS SERVICING, LLC,<br><br>       Defendant. | CIVIL ACTION NO. 10-CV-3631(LP)<br><br>CLASS ACTION |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO COMPEL ARBITRATION**

## I.  INTRODUCTION

This is a consumer class action arising under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692e. Plaintiff, Anthony Hornicek, avers that collection correspondence sent to him and the putative class violates the Act. The debt collector injected references to "The Internal Revenue Service" in collection correspondence and falsely stated that the Internal Revenue Code "requires" financial institutions to report to it any cancellation or forgiveness of debt of $600.00 or more. *See* Class Action Complaint, Doc. No. 1, ¶ 12-17. Such misleading remarks violate the anti-deception provisions of the Act. *See Brown v. Card Service Center*, 464 F.3d 450 (3d Cir. 2006).

Defendant debt collector, Cardworks Servicing, LLC filed its Answer (Doc. No. 6) and on November 1, 2010, filed a Motion to Compel Arbitration and Stay Further Proceedings (Doc. No.10). With the Motion, Cardworks submitted several affidavits and exhibits (Doc. No. 11-14).

By Order dated November 17, 2010, (Doc. No. 19) the Court granted a Motion to temporarily stay proceedings.[1]  The stay may now be lifted so that Cardworks' Motion to Compel can be determined.

Cardworks' Motion to Compel Arbitration must be denied because it has not established in this record its status as an assignee, nor otherwise that Cardworks is an entity entitled to invoke any arbitration clause.

## II.   LEGAL ARGUMENT

### A.  There is No Agreement Between the Parties to Arbitrate

It is often said that federal law favors the arbitration of disputes and the enforcement of arbitration agreements. *See e.g., First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938 (1995). Plaintiff does not quarrel with this settled proposition of law.

However, the issue of *whether* there is an agreement between two parties to arbitrate a claim is a distinct issue from the arbitrability of particular claims between parties.  Cardworks mistakenly conflates the two concepts in its brief (Doc. No. 11, § II 2, pp. 4-5).

Our Court of Appeals makes this distinction clear.  The District Court must "engage in a limited review to ensure that the dispute is arbitrable – *i.e.* that a valid agreement to arbitrate exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *PaineWebber, Inc. v. Hartmann,* 921 F.2d 507, 511 (3d Cir. 1990).  Before a party to a lawsuit can be ordered to arbitrate and thus be deprived of his right to trial by jury, there must be an expressed, unequivocal agreement to arbitrate.  *Par-Knit Mills, Inc. v. Stockbridge*

---

[1]      Part of the reason for the stay was to await a decision by the Supreme Court in *AT&T Mobility LLC v. Concepcion,* 2011 WL 1561956 (U.S. April 27, 2011).  While *Concepcion* will effect certain state law defenses to contract claims under the Federal Arbitration Act, a review of *Concepcion* reveals that Plaintiff's instant Opposition is unaffected by the decision.

*Fabrics Co., Ltd.*, 636 F.2d 51, 54 (3d Cir. 1980); *Sandvik AB v. Advent Intern. Corp.*, 220 F.3d 99, 106 (3d Cir. 2000).

The District Court, "when considering a Motion to Compel Arbitration which is opposed on the ground that no agreement to arbitrate had been made between the parties should give <u>to the opposing party</u> the benefit of all reasonable doubts and inferences that may arise." *Par-Knit*, 636 F.2d at 54 (emphasis added).

Instantly, Cardworks is attempting to use the card agreement of the underlying creditor, Merrick Bank, to dismiss this Class Action and compel the arbitration of Plaintiff's claims arising out of Cardworks' collection activity on a non-class basis. However, it is apparent that Cardworks is not the lender, is not a party to the card agreement and has no direct contractual relationship with Hornicek; nor is any asserted.[2] Indeed, the Bank's agreement proffered by Cardworks states that "[t]he words 'Merrick Bank,' 'Bank,' 'we,' 'our,' and 'us' refer to Merrick Bank Corporation." *See* Merrick Bank Visa or MasterCard Cardholder Agreement, ¶ 1 ("Certain Definitions"), appended as Exhibit "A" to Declaration of Cami Mitchell Watson, Doc. No. 12-1, p. 2 of 7.

The form agreement goes on to provide at ¶ 22:

> "Agreement to Arbitrate Disputes and Class-Action Waiver.
> This agreement to arbitrate Claims includes all controversies and claims of any kind between us. It also includes any disputes you have with our agents, contractors, employees, officers, or assignees, any merchants with whom you use the Account, any credit-reporting agencies to whom we report the Account or any other third party that has been involved or becomes involved with, or whose trade-marks are used in connection with, any purchasing, marketing, soliciting, servicing or credit-reporting activity relating to your Account."

---

[2] Cardworks' allegations about a particular card agreement and its amendments being sent to Plaintiff are denied as set forth in Plaintiff's Response to Defendants' Motion filed herewith. Defendant is left to its proofs at trial. *Par-Knit*, 636 F.2d at 54("In the event that the making of the arbitration agreement is in issue, then 'the court shall proceed summarily to the trial' of that issue.") (citing to 9 U.S.C. §4).

*See* ¶ 22, Doc. No. 12-1, p. 6 of 7

Cardworks, of course, bears the burden of establishing its entitlement to coverage under this provision. In Cardworks' moving papers, the basis to compel arbitration is claimed to be Cardworks' status as an "assignee" of Merrick Bank. *See* Cardworks' Motion to Compel Arbitration, Doc. No. 10, p. 7 of 10 ("Claims against the Assignee, Cardworks, may be compelled to arbitration ..."). But "debt collectors" are not specifically named as covered parties among the list of covered parties and Cardworks has not established its status as an assignee. Cardworks did not produce any assignment document specifically governing this debt.[3] Cardworks produced only two declarations.

The first declaration was by Cami Mitchell Watson, a Sr. Vice President of Operations with Merrick Bank – the putative assignor. *See* Doc. No. 12. Watson did not attest to any assignment, nor produce the alleged assignment document. Rather, Watson merely stated that "on or about August 26, 2008, Merrick Bank *referred* the credit card account to Cardworks Servicing, LLC for collection of the balance due on the defaulted credit card account." *See* Declaration, ¶ 18, Doc. No. 12, p. 5 of 6. Of course, "referred" is a vague term, perhaps intentionally so. More important, the account's being "referred" is not a basis set forth in the arbitration agreement for a successor. In common parlance, a firm to whom a file is "referred" for collection – for example, a law firm – would not ordinarily be the *assignee* of the contract referred.

Cardworks also produced the Declaration of Parag Kamdar, a Cardworks employee (Doc. No. 13). Kamdar asserts at ¶ 8 of his Declaration that "on or about August 26, 2008, Cardworks

---

[3] Of course, a party must advance its argument in its opening brief so as to place the matter in issue and not wait to raise an argument in a reply brief. *See e.g. United States v. Witmer*, 835 F. Supp. 201, 204 (M.D. Pa. 1993); *Leitch v. MVM, Inc.*, 2004 WL 1638132 *10 (E.D. Pa. July 22, 2004).

was assigned the credit card account by Merrick Bank for collection." Significantly, Kamdar chose to omit the assignment document itself, or any actual evidence of the assignment including what was assigned, for how much, the terms of the assignment, whether it was revocable, temporary, etc. Kamdar does not state how or why he has personal knowledge of this particular alleged assignment except that he is "familiar" with Cardworks' system of record keeping and the company's policies, and that those "policies include, in part, Cardworks' receipt, review and storage of assignment agreements received from creditors …" Apparently, Kamdar's limited role does not include access to the actual "assignment agreement" – if one exists – nor production of it.

Kamdar's conclusory testimony about an absent document would be inadmissible at trial as a bald conclusion, absent the signed, authenticated assignment document specifically describing the terms of the assignment, consideration, coverage and the like. *See* F.R. Evid. 602. Moreover, Kamdar's vague reference to an assignment, without production of the document, is inadmissible hearsay, concerning the content of the assignment document. F.R. Evid. 802. Although the content of a writing may be proved by the testimony of the party "against whom offered," F.R. Evid. 1007, the rule does not extend to testimony offered by the proponent. Plainly, a statement or conclusion of a witness which would be inadmissible at trial may not form the basis of summary judgment. *See* F. R. Civ. P. 56(e)(1); *see also National State Bank v. Federal Reserve Bank of New York*, 979 F.2d 1579, 1582 (3d Cir. 1992) (affidavit of person with no personal knowledge of relevant facts insufficient to establish absence of genuine issue of material fact.)[4]

---

[4]        As noted, our Court of Appeals has held that a Motion to Compel Arbitration is governed by the summary judgment standard set forth in Rule 56. *See Par-Knit*, 636 F.2d at 54 n. 9

### B. The Law Requires a Written Assignment

Pennsylvania law governs entities such as Cardworks who seek to collect debts from third parties and requires that all assignments between creditors and collection agencies be in writing. 18 Pa. C.S.A. § 7311.

18 Pa. C.S.A. § 7311 defines "collection agency" as: "a person, [other than an attorney] who, as a business, enforces, collects, settles, adjusts or compromises claims, or holds himself out, or offers, as a business, to enforce, collect, settle, adjust, or compromise claims." Cardworks falls squarely within the statutory definition of "collection agency." Moreover, Cardworks is averred to have a principal place of business in Pennsylvania. *See generally* Class Complaint, Doc. No. 1. Cardworks' Sr. Director of Recovery claims to be a resident of the state of Pennsylvania and Cardworks was seeking to collect an account from Hornicek, a resident of Chester County, Pennsylvania.

It is only lawful for a collection agency, like Cardworks, to take an assignment if "the assignment between the creditor and collection agency is in writing." § 7311(a)(1). Violation of these requirements by the collection agency is a misdemeanor under Pennsylvania law. *See* § 7311(g). As discussed above, Cardworks has not produced an assignment of the Hornicek account.

Moreover, it is settled law that the burden is on the proponent, *i.e.*, the one asserting right as an assignee to prove the status by competent evidence. *See FDIC v. Hall Mgmt. Corp.*, 607 F.Supp. 473, 476 (E.D. Pa. 1985); *Produce Factors Corp. v. Brown*, 179 A.2d 919, 921 (Pa. Super. 1962).

If Cardworks wants to claim under a contract as an assignee, it had the obligation to secure and produce of record a complete, authenticated written assignment, if one indeed exists.

Cardworks has either chosen not to, or is unable to. Cardworks has thus failed to establish its status as an assignee. Because the basis for invoking the arbitration clause by Cardworks – admittedly a non-signatory and not included within the definition of "Merrick Bank" is assignee status – Cardworks has not met its burden and its Motion to Compel Arbitration must be denied.

### C. The Cases Relied Upon By Cardworks Are Inapposite.

Cardworks principally relies on two cases for the position that it has standing to assert the class-action waiver/arbitration provision under the Merrick Card Agreement. (Def Br., pg. 7-8). Those cases are *E.I. DuPont De Nemours and Company v. Rhone Poulenc Fiber and Resin Intermediates*, 269 F. 3d 187 (3rd Cir. 2001) and *The Philadelphia Flyers v. Trustmark Insurance Company*, 2004 WL 1529167 (E.D. Pa., July 6 2004). Cardworks, in its brief, does not discuss either case in any detail. Cardworks' reliance on them is severely misplaced.

In *DuPont*, the underlying dispute arose out of a joint venture agreement between subsidiaries of plaintiff DuPont and defendant Rhone Poulenc Fiber and Resin Intermediaries ("Rhone Poulenc") for the development of certain fibers. 269 F. 3d at 191. The joint venture failed and DuPont sued Rhone Poulenc and its parent company, Rhodia, for breach of an oral agreement and fraudulent misrepresentations relating to the joint venture agreement, which contained an arbitration clause. Rhone Poulenc moved to dismiss the complaint and compel arbitration. *Id.* at 194. The District Court denied the motion.

On appeal, the issue was whether DuPont, a non-signatory to the agreement, could be compelled to arbitrate its claims. The Third Circuit, in affirming the District Court ruling, found that DuPont was not subject to the arbitration clause because it was not a third party beneficiary to the agreement, was not an agent of any party to the agreement, and was not otherwise estopped from arguing against the application of the arbitration clause. *Id.* at 195.

In *The Philadelphia Flyers* case, the Flyers filed suit seeking certain payments from defendant Trustmark pursuant to an insurance policy through the Nation Hockey League Trust. 2004 WL 1529167 at *1. The Flyers sued Trustmark in part for breach of contract, claiming to be a third party beneficiary under the insurance contract. Trustmark moved to compel arbitration based upon an arbitration clause found in the certificate of insurance. *Id.* at *2. The district court, in holding that the Flyers claims were subject to arbitration concluded that the Flyers were a third party beneficiary to the insurance contract under which the organization was now seeking disability payments for one of its players. *Id.* at *3. Indeed, the Flyers alleged in their complaint that they were a third party beneficiary of the contract. The court also found that the Flyers were estopped from arguing the application of the arbitration clause since they were in fact seeking to enforce the insurance contract. *Id.* at *4.

Cardworks' reliance on these cases is misplaced because they are commercial cases that discuss issues relating to whether a non-signatory to an agreement is a third party beneficiary, an agent of the signatories, or subject to equitable estoppel. Here, as in *DuPont*, Cardworks is neither a third party beneficiary to the Merrick Card agreement nor an agent of Merrick Bank. Indeed, Merrick Bank's Declaration is silent as to Cardworks' status except to say that it *referred* the Hornicek account to Cardworks. *See* Doc. No. 12. Moreover, the conduct complained of here -- statutory violations by a third party collector – does not arise out of the contract; Plaintiff does not need nor utilize the contract in any way to bring this claim.

Similarly, this matter is not like *The Philadelphia Flyers* case where the Flyers argued against the application of an arbitration clause in an insurance contract they were seeking to enforce. Here, Plaintiff is not attempting to enforce the underlying card agreement, but rather has brought a consumer class action relating to Cardworks' collection conduct post-termination.

Thus, Cardworks does not and cannot argue that Plaintiff is equitably estopped from opposing Cardworks' efforts to apply a class action wavier/arbitration clause to this matter. Again, Hornicek does not seek to enforce a contract claim, nor sue under the contract. *See Bontempo v. Wolpoff & Abramson*, 2006 WL 3040905 (W.D. Pa. Oct. 4, 2006). Nor is any claim "substantially interdependent" with any claim against a signatory. *Id.* at *7.

Cardworks' attempt to compel the application of the class action waiver/arbitration clause in this matter is unsupported and should be denied. As discussed above, Cardworks has not demonstrated that it is entitled to seek the dismissal of this class action and compel individual arbitration pursuant to a credit card agreement to which it is not a party or beneficiary.

III.   **CONCLUSION**

Cardworks claims entitlement to compel arbitration (effectively dismissing this consumer class action) based upon its status as an alleged assignee. Cardworks has failed to establish in the record its status as an assignee or to produce any claimed assignment. Cardworks' Motion to Compel Arbitration must be denied.

Respectfully submitted:

Date: 5/16/11

/s/Theodore E. Lorenz (TEL5114)
CARY L. FLITTER
THEODORE E. LORENZ
ANDREW M. MILZ
Attorneys for Plaintiff and the Class

LUNDY, FLITTER, BELDECOS &
BERGER, P.C.
450 N. Narberth Avenue
Narberth, PA  19072
(610) 822-0781

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ANTHONY HORNICEK, on behalf of himself
and all others similarly situated,

                Plaintiff,

      vs.                                CIVIL ACTION NO. 10-CV-3631(LP)

CARDWORKS SERVICING, LLC,

                      Defendant.           CLASS ACTION

## CERTIFICATE OF SERVICE

    I hereby certify that on May 16, 2011, I have electronically filed the foregoing with the

Clerk of Court using the CM/ECF system which sent notification of such filing to:

Joann Needleman, Esquire
Maurice & Needleman, P.C.
935 One Penn Center
1617 John F. Kennedy Boulevard
Philadelphia, PA  19103

    Said document is available for viewing and downloading from the ECF system.

    A copy of this document was forwarded via first class mail to the following:

John H. Bedard, Jr., Esquire
Bedard Law Group, P.C.
2810 Peachtree Industrial Boulevard, Suite D
Duluth, GA 30097

Date:   5/16/11                     /s/Theodore E. Lorenz
                                         THEODORE E. LORENZ