IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ANTHONY HORNICEK, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,<br><br>Plaintiff,<br><br>vs.<br><br>CARDWORKS SERVICING LLC,<br><br>Defendant. | Hon. Louis Pollack<br>Civil Action No.: 10-3631 |

**DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE
TO DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY FURTHER
PROCEEDINGS INCLUDING DISCOVERY**

Defendant, Cardworks Servicing, ("CardWorks" or "Defendant"), respectfully submits this brief in Reply to Plaintiff's Response to Defendant's Motion to Compel Arbitration and Stay Further Proceedings [Doc. No. 29] as follows:

**I. DEFENDANT'S EVIDENCE IS CLEAR THAT MERRICK BANK IS THE OWNER OF PLAINTIFF'S ACCOUNT.**

The affidavits of representatives of both Merrick Bank and CardWorks are clear that "[a]t all times herein, Merrick Bank remained the true and correct owner of the credit card account" See, Declaration of Parag M. Kamdar, ¶ 14 [Doc. No. 13]; Declaration of Cami Mitchell Watson, ¶ 18 [Doc. No. 12].

Merrick Bank is the owner of the account and at no time did it transfer its ownership rights to the account to any other party.

**II. PLAINTIFF'S FOCUS ON THE TERM "ASSIGNMENT" OVERLOOKS THE BROAD LANGUAGE OF THE REMAINDER OF THE ARBITRATION LANGUAGE.**

Plaintiff spends much of his brief arguing that there is no agreement between the parties because neither Merrick Bank nor CardWorks has produced a written agreement demonstrating the existence of a valid transfer of title of the account from Merrick Bank to CardWorks. Plaintiff focuses on the term "assignment" (and its derivative term "assignee") as a legal term of art rather than its ordinary meaning. Defendant's evidence is clear; title to the account has not been transferred. Distinguishing CardWorks as an assignee, an agent, a contractor, or even an employee of Merrick Bank is not valuable to the analysis because the arbitration agreement unambiguously applies to all of those described entities.

    a. **The Parties Agree That Paragraph 22 Of The Agreement Controls The Scope Of Arbitration.**

Paragraph 22 of the cardholder agreement is very long. Neither party has quoted the entire paragraph in its brief. Defendant focuses the Court's attention on the language of certain passages that define its coverage:

> This agreement to arbitrate Claims includes all controversies and claims of any kind between us. It also includes any disputes you have with our agents, contractors, employees, officers, or assignees, any merchants with whom you use the Account, any credit-reporting agencies to whom we report the Account or any other third party that has been involved or becomes involved with or whose trade-marks are used in connection with, any purchasing, marketing, soliciting, servicing or credit-reporting activity relating to your Account.

This portion of paragraph 22 defines the scope of the third parties that may benefit from arbitration. It describes *entities,* not *claims.* Paragraph 22 then continues in the immediately following paragraph by defining the *claims* which are subject to arbitration, no matter the target of those claims, to wit:

> The Claims covered by this agreement to arbitration include, without
> 
> limitation:

\*\*\*

- Any disputes arising from the collection of amounts you owe in connection with your account.

\*\*\*

The agreement unambiguously extends coverage of the arbitration clause beyond the parties to the agreement. The entities need not be the owner of the account. The agreement specifically anticipates that non-owners *and* non-parties to the agreement be given arbitration rights. CardWorks need only offer evidence that it falls into one of the categories of entities which benefit from the arbitration agreement *or* that the claims Plaintiff brings fall into one of the specifically defined claims for which the target of the claim can be anyone.

b. **Defendant's Evidence Is Sufficient To Identify It As One Of The Entities That Can Benefit From Arbitration.**

Plaintiff offers no evidence to rebut Defendant's evidence of the following:

- Plaintiff entered into a credit card agreement with Merrick Bank;
- The terms of the credit card agreement are contained in a cardholder agreement which has been authenticated by Merrick Bank;
- The agreement contains an arbitration agreement and the scope of that agreement is described in its paragraph 22;
- That Plaintiff made charges on the card and did not repay amounts owed;
- That Merrick Bank hired CardWorks to collect the account on its behalf;
- That CardWorks attempted to collect the account from Plaintiff;
- That Plaintiff's claims arise out of Defendant's collection activity on the account.

There is no dispute that the account was assigned for collection by Merrick Bank to CardWorks. This does not mean title was transferred. If Plaintiff takes issue with the term "assignment," then Defendant submits that CardWorks falls into one of other specifically described entities that may benefit from the arbitration agreement, including (1)"contractors," or (2) "any other third party that has been involved or becomes involved with . . . any purchasing, marketing, soliciting, *servicing* or credit-reporting activity relating to "the Account." [emphasis added]

      c. **Plaintiff's Claims Falls Squarely Into The List Of Claims Subject To Arbitration.**

There can be no doubt that Plaintiff's claims arise out of a collection letter he received from CardWorks. There is also no dispute that CardWorks asked Plaintiff to pay his unpaid Merrick Bank account. The arbitration agreement specifically applies to "Any disputes arising from the collection of amounts you owe in connection with your account." If Plaintiff has *any* dispute arising from the collection of the account, those claims are subject to arbitration – no matter who those claims are against. The language of the agreement does not limit the identity of the persons against whom those claims are asserted. Plaintiff fails to address this portion of the arbitration agreement. The agreement *does not* say "Any disputes *against us* arising from . . ." nor does it limit the target of those disputes to the list of third party beneficiaries identified in the immediately preceding paragraph. The agreement applies to any claim arising from the collection of the account, no matter the target of those claims. Plaintiff's claims fall within the scope of claims for which arbitration applies.

**III.   THE U.S. SUPREME COURT'S RECENT DECISION IN *AT&T MOBILITY, LLC v. CONCEPCION* IS OF CONSIDERABLE IMPORT TO THE PRESENT MATTER**

Plaintiff's basis for staying this matter for over five months has been

4

his assertion that the U.S. Supreme Court's then-pending decision in *AT&T Mobility v. Concepcion* "will directly and significantly impact the briefing and analysis of CardWorks' attempt to enforce a class action ban through the use of Merrick's alleged card agreement."  See, Plaintiff's Memorandum of Law in Support of Motion to Stay Proceedings ]Doc. No. 11]; Defendant's Motion to Compel Arbitration, [Doc. 16 @ Page 5].

On April 27, 2011, the U.S. Supreme Court issued its opinion in *AT&T Mobility LLC v. Concepcion, et ux,* 563 U.S. __(2011),

In *Concepcion*, the Supreme Court dealt with the enforceability of a mandatory arbitration provision and class action waiver contained in a cellular telephone contract.  The District Court and the 9th Circuit denied AT&T's motion to compel arbitration because a California state law disallowed such an arbitration provision on the basis that the provision was unconscionable and exculpatory and because it disallowed classwide proceedings. Reversing the Ninth Circuit Court of Appeals, the Supreme Court stated "[w]hen state law prohibits outright the arbitration of a particular type of claim, the analysis is straightforward:  The conflicting rule is displaced by the FAA." *AT&T Mobility v. Concepcion*,  563. U.S. ___ (2011) (slip op., at 7). The Supreme Court then reaffirms established case law characterizing arbitration disputes as matters of contract law, and reasserting the strong judicial deference to enforcing arbitration contracts. *AT&T Mobility v. Concepcion*,  563. U.S. ___ (2011) (slip op., at 5).

*Conception* again confirms strong federal jurisprudence in favor of enforcing arbitration agreements.  Plaintiff agreed to arbitrate the claims he now brings.  Defendant requests that this Court enforce the arbitration agreement and compel Plaintiff's claims to arbitration. AT&T Mobility v. Concepcion,  563. U.S. ___ (2011) (slip op., at 17) (quoting Rent-A-Center, West, 561 U.S. at __ (slip op., at 3).

Defendant requests that the Stay remain imposed until this Court's determination of this Motion.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court grant CardWorks Services, LLC's Motion to Compel Arbitration by ordering the Plaintiff and Defendant to arbitrate their disputes pursuant to the credit card agreement and stay all further proceedings in the case, including discovery, until further order of the Court.

                Respectfully submitted,

                **MAURICE & NEEDLEMAN, P.C.**

                s/ *JOANN NEEDLEMAN*
                _____
                JOANN NEEDLEMAN (74276)
                935 One Penn Center
                1617 John F. Kennedy Blvd
                Philadelphia, PA 19103
                (215) 789-7151
                (215) 563-8970
                joann@mnlawpc.com
                *Attorney for Defendant, CardWorks Servicing, LLC*

Dated: May 31, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ANTHONY HORNICEK, ON BEHALF OF HIMSELF AND OTHERS SIMILARLY SITUATED,<br><br>    Plaintiff,<br><br>vs.<br><br>CARDWORKS SERVICING LLC,<br><br>    Defendant. | Hon. Louis Pollack<br>Civil Action No.: 10-3631 |

## **CERTIFICATE OF SERVICE**

I, JOANN NEEDLEMAN, ESQUIRE, hereby certify that on this date I have caused a true and correct copy of the foregoing response to Reply to Plaintiff's Opposition to Motion to Compel Arbitration and Stay Further Proceedings to be served by regular, first class mail, postage pre-paid and electronic submission upon:

THEODORE E. LORENZ, ESQ.
450 N. NARBERTH STREET
NARBERTH, PA 19072

                                                                        MAURICE & NEEDLEMAN, P.C.

                                                                         s/ *JOANN NEEDLEMAN*
                                                                         _____
                                                                         JOANN NEEDLEMAN (74276)
                                                                         *Attorney for Defendant*

Date: May 31, 2011